## JOE TREADAWAY v. THE STATE.

No. 2115. Decided February 6, 1901.
Motion for Rehearing Decided May 1, 1901.

**1. Local Option—Sale—What Constitutes—Charge.**

Where whisky was shipped C. O. D. to defendant, and he agreed with other parties that if they would advance the express charges he would take it out and let them have it or a part of it, which he did, this constituted a sale by defendant to said parties, and the court correctly so charged the jury.

**2. Same.**

In the case above stated it was immaterial whether the defendant borrowed the money to pay for the whisky and paid it back in money or whisky and delivered the whisky or part of it to the parties from whom he borrowed the money—it was nevertheless a sale by defendant to them.

**3. Same.**

The fact that defendant was not pecuniarily interested or benefited by the transaction did not make him any the less the seller of the whisky.

**4. Same.**

When whisky is shipped to a party C. O. D. it becomes his property as soon as it is placed in the express office; and clearly so when the consignee receipts the express company for the same and pays the C. O. D. charges thereon.

APPEAL from the County Court of Kaufman. Tried below before Hon. JOHN VESEY, County Judge.

Appeal from a conviction for violating local option; penalty, a fine of $25 and twenty days imprisonment in the county jail.

The opinion states the case.

*J. D. Cunningham,* for appellant, upon the proposition that the transaction did not constitute a sale by defendant, cited: Hood v. State, 35 Texas Crim. Rep., 585; Wright v. State, 35 Texas Crim. Rep., 581, and Vannarsdale v. State, 35 Texas Crim. Rep., 587.

*D. E. Simmons,* Acting Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted for violating the local option law, and his punishment assessed at a fine of $25 and twenty days confinement in the county jail.

It was admitted that local option was in force in Kemp, Kaufman County, where the sale is alleged to have occurred. The prosecuting witness, Will Jeffrey, testified, in substance: That on December 3, 1899, he was in Kemp. While there he learned the jug of whisky was in the express office, with one dollar charges thereon. That Airhart and himself gave a quarter each, and Jim Grubbs 50 cents, to appellant—the whisky having been sent C. O. D. to appellant—and appellant got the whisky, and turned it over to them. Appellant went to the express office, paid the dollar to the express agent, received the whisky, and, as stated, subsequently turned it over to the parties named. Appellant signed the express books, receipting the express company for the whisky. Jim Grubbs and Airhart testified substantially as did Jeffrey. Appellant testified: That on the morning the whisky was obtained, Airhart, or some one, informed him there was a jug of whisky in the express office in defendant's name. That he afterwards ascertained it to be true, and that it had been sent C. O. D. one dollar. That the express charges had been paid by the sender, shown by the tag to be W. R. Bruce. Appellant informed Grubbs about the whisky being there, and told him his employer was out of town, so he could not get the money from him to take it out of the office, but, if he had been in town, he would get the whisky, as it was nearly Christmas time. Grubbs told appellant he would pay the charges, and take the whisky, if appellant would get it for him. Appellant consented to do so. Grubbs gave him 50 cents, and the two other parties gave 25 cents each. Appellant signed for and got the whisky. That he did so as an act of friendship for them, and at their request. That he had no interest in the sale of the whisky. Had not ordered it, and had never told anyone to ship him whisky. That he took the dollar Grubbs, Airhart, and Jeffrey handed him, and paid for the whisky; and that

they went off and drank it. Appellant admitted he talked to a party representing the Bruce Liquor Company, and informed said party he did not desire any whisky shipped to him at Kemp.

Appellant complains of the following portion of the court's charge: "If you believe from all the evidence before you, beyond a reasonable doubt, that defendant did in said county and State, and in said justice precinct No. 7 of said county, receive from the express company a package of whisky, and that said whisky had been consigned to defendant C. O. D. at the town of Kemp, in said precinct; and if you further believe that defendant received from the said Will Jeffrey any money to pay for said whisky, or any part of it, with the understanding that said Jeffrey was to have said whisky, or a part of it—then, and in that event, such a transaction would constitute a sale by defendant to said Jeffrey; and you should find defendant guilty, and assess his punishment," etc. We think this charge is the law, and applicable to the facts, since the undisputed evidence shows the whisky was consigned to appellant, and that he paid for the same to the express company the sum of $1. The person or persons from whom he borrowed the money to pay for the whisky is immaterial, and it is immaterial whether he paid back the money so borrowed with whisky or money. In either event, it would constitute a sale on the part of appellant of whisky to the parties to whom it was delivered.

Appellant insists the court erred in refusing the following special charge: "The jury are charged that if they believe from the testimony that defendant received from Will Jeffrey the sum of 25 cents to pay for some whisky, but at the time he did so he was acting for Will Jeffrey in obtaining said whisky, if he did obtain the same, and was not acting for the owner of said whisky, and was not interested in the sale, then you will find defendant not guilty." There is no testimony authorizing such a charge as this. The fact that appellant was not pecuniarily interested or benefited by the transaction would not make him any less the seller of the whisky.

Again, appellant complains that the court erred in refusing the following charge: "If the jury believe from all the evidence that there was a quart of whisky in the express office at Kemp, Texas, which belonged to the owner that had shipped the same, and that the same had been shipped in the name of Joe Treadaway, but was not to belong to Joe Treadaway until paid for, and that said whisky being unpaid for by anyone, that witness Will Jeffrey and others made up the money to pay for said whisky, and gave the money to defendant, and defendant paid for said whisky with the money so made up, and acted as the agent of Jeffrey and others in getting said whisky, and was not interested in the sale thereof, they will find defendant not guilty." We do not think the court erred in refusing this charge. This court has heretofore held that, when whisky is shipped to a party C. O. D., the moment it is placed in the express office it becomes the property of the consignee, and this is clearly true the moment the consignee re-

ceipts the express company˙for the same, and pays the C. O. D. charges thereon.    Hence the court did not err in refusing this charge.    Freshman v. State, 37 Texas Crim. Rep., 126; Bruce v. State, 36 Texas Crim. Rep., 53.    We think the evidence is sufficient to support the conviction, and the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

BROOKS, Judge.—The judgment was affirmed at the Dallas term, and now comes before us on motion for rehearing.    We have carefully reviewed appellant's motion, and do not think there is any reason for granting the same.    The undisputed evidence shows that the whisky was in the express office with a dollar C. O. D. charges thereon.    The express charges for sending this whisky to Kemp from Dallas had been paid by the consignor.    Appellant, upon receiving information that the whisky was in the express office, as indicated, borrowed a dollar from the prosecuting witnesses, and went to the office and paid the dollar to the express agent, receipted the express books, and took the whisky.    Subsequently appellant delivered the whisky to the prosecuting witnesses, as indicated in the original opinion.    This we hold was a sale on the part of appellant.    The court did not err in charging on the law of agency.    In the original opinion, wherein we state that appellant paid the express charges, we simply mean that he paid the dollar C. O. D. charges, and nothing more.    The fact that appellant received the dollar from the prosecuting witnesses, and the further fact that appellant agreed to deliver the whisky to the prosecuting witnesses, would not make it any the less a sale of the whisky by appellant.    The moment that he paid for the whisky, it matters not from whom he obtained the money, he became the owner of the whisky; and, if he delivered the whisky to the prosecuting witnesses in lieu of the dollar he obtained from them, it is none the less a sale.    The motion for rehearing is overruled.

*Motion overruled.*