### B. A. JAMES v. THE STATE.

#### No. 2819. Decided February 10, 1904.

**1.—Local Option—Conflicting Theories.**

Where the evidence presents two theories, both should be submitted to the jury under proper instructions. Under the testimony of the prosecuting witness, the defendant would be guilty of violating the local option law, but under the testimony of defendant and his witnesses he would not be guilty of such offense.

**2.—Same—Place of Sale.**

If the defendant sent an order for the prosecutor, with the money accompanying it, to a place outside of the local option territory and had the whisky expressed from there by a liquor dealer to the prosecutor in care of defendant, into the local option territory, and the latter upon receipt of the liquor turned it over to the prosecutor, the latter having previously paid both for the whisky and its expressage, the sale was consummated outside of the local option territory and there was no offense.

**3.—Same—Want of Legislative Power to Fix Place.**

It is not competent for the Legislature to define a sale and fix its locus, regardless of the known rules of law, which authorizes parties to make their own contracts, and to make the place of sale depend on the place where the property is transferred and title passes; nor can that body reverse the decisions of the courts upon questions of this character.

**4.—Same—C. O. D. Packages—Soliciting.**

Neither the law with reference to C. O. D. packages, nor the provisions with reference to the solicitation of liquors in a local option territory, can alter or change the facts which constituted the prosecutor owner of the whisky as soon as it was placed by the consignor in the hands of the common carrier at a place outside of the local option territory.

Appeal from the County Court of Fannin. Tried below before Hon. Tom C. Bradley.

Appeal from a conviction for violating the local option law; penalty, a fine of $50, and confinement in the county jail for twenty days.

The opinion states the case.

*Thurmond & Steger* and *G. W. Wells,* for appellant.—The court erred in refusing to give in charge to the jury defendant's special requested charge number 5, which is as follows: "To constitute a violation of the local option law as charged in this case, it is necessary that a sale should have taken place in Fannin County, and that the defendant should have made such sale to W. M. Mappin, in Fannin County, as alleged. In order

to constitute a sale there must be a seller and a buyer, and the ownership of the property must pass from the seller to the buyer in Fannin County, and a delivery of the property must take place in Fannin County; and in this connection I charge you that unless you find from the evidence beyond a reasonable doubt that the defendant B. A. James was the owner of the whisky, and that while such owner he sold the same to Mappin in Fannin County, you will find defendant not guilty; and I charge you that the delivery of any article to the express company for transportation passes the title to such article to the party to whom such article is consigned, and under such circumstances a delivery to the express company is a delivery to the consignee under our law.  Therefore, if you believe from the evidence or have a reasonable doubt that V. P. Shirley delivered to the express company at Paris, Texas, the whisky mentioned in this case consigned to Mappin or to V. P. Shirley for Mappin at Honey Grove, then I charge you the sale (if any) was made in Lamar County and not in Fannin County, and if you so believe or have a reasonable doubt as to such being the case, you will find the defendant not guilty."

*Howard Martin,* Assistant Attorney-General, for the State.—The information charges that appellant sold intoxicating liquor to W. H. Mappin in Fannin County, Texas, the local option law being in force in said county at the time of the sale.  Mappin testified that he purchased the whisky from appellant and paid him for the same in Fannin County. Appellant denies this, but claims that he ordered the whisky from D. P. Shirley, whose place of business is in Paris, Texas; that he was the agent of Mappin in the transaction and was not the agent of Shirley.  The court instructed the jury if they believed that appellant sold the whisky to Mappin in Fannin County he would be guilty.  On the question of agency he instructed the jury that, if they believed appellant was the agent of Mappin in securing the whisky from Paris and was not the agent of Shirley, or if they had a reasonable doubt as to whether or not he was the agent of said Mappin, they would find defendant not guilty. He further instructed the jury that if they believed appellant was the agent of Shirley in Fannin County and solicited the order for the whisky from Mappin as the agent of Shirley, collected the money from Mappin and procured Shirley to deliver the whisky to prosecutor in Fannin County, he would be guilty.  These three charges present the law applicable to the facts, and the evidence is sufficient to warrant a conviction under the first or third instruction above mentioned.  As to the last the State submits that if appellant solicited the order for the whisky as the agent of Shirley and Shirley afterwards delivered the whisky on said order, and appellant collected the money for the whisky from Mappin, he is guilty.  On the other hand, if appellant acted as the agent of Mappin in the transaction, and not as the agent of Shirley, and Shirley sent the whisky to Mappin in Fannin County, although appellant may have collected the money, he would not be guilty.  These issues were fairly submitted to the jury.

45 Crim.—38.

HENDERSON, Judge.—Appellant was convicted of violating the local option law, and his punishment assessed at a fine of $50 and twenty days confinement in the county jail; hence this appeal.

The evidence presents two theories, both of which should have been properly presented to the jury. However, the court seems to have ignored the theory based on the prosecutor's testimony, and to have tried the case solely on the testimony adduced by appellant. As we understand the State's testimony, it shows that prosecutor Mappin was an attache of a traveling show, then at Honey Grove, Fannin County; that he and a colored man were at the tent peeling potatoes, and appellant James happened to be there. Prosecutor remarked to the negro that he wished he had some old Paul Jones whisky. Appellant said there were three or four parties in town who ordered whisky, and that he did so himself. Prosecutor asked him how long it would take to get it. He replied he could get it on the 11:30 train. Prosecutor told him that was too long, to which appellant replied, well, a show-man could get it quicker. It was then about 10:30 or 10:40 a. m. Prosecutor asked what a quart would be worth, and he said $1.10. Prosecutor gave him $1.10, and he went off towards town, and in about twenty or thirty minutes prosecutor found a quart of whisky lying on the table in the tent. This was placed there during prosecutor's temporary absence. The negro told him that defendant had brought and left it there. Prosecutor denies that he made any written order with reference to the whisky; and when he was cross-examined with reference to ordering a bottle of whisky, he replied if he gave defendant an order at all for whisky it was after this, when he got drunk. The transaction proved by appellant was that prosecutor came to his place of business in Honey Grove, where he was running a cold storage, which, prior to the adoption of local option, had been a saloon; that on Sunday afternoon about 5 o'clock of September 6, 1903, prosecutor Mappin came in and asked if there was a chance to get some whisky. Appellant replied there was no way to get it unless to order and wait for it to come; that he asked him what a quart would cost, and he told him it would cost $1.10 to order and get it; and that prosecutor paid him $1.10, and he filled out an order on B. P. Shirley, Paris, for one quart of whisky and signed his name to it and gave said order to appellant, which was introduced in evidence and identified by appellant and others. That appellant sent this order and the money to Paris for the whisky, and a quart bottle of whisky was sent the next day enclosed in a box expressed to appellant, containing other things; but the bottle was tagged with the address of prosecutor. That as soon as he (appellant) received said whisky he took it out of the box, and carried it down to the tent and gave it to the negro at the tent—Mappin being at the time absent; that the $1 was for the whisky and the 10 cents was for the expressage. Appellant further testified that he did not make anything out of the transaction, but that he did it for accommodation.

Now, if there was but one transaction, and appellant and his witnesses

told the truth about it, in our opinion there was no offense, and appellant should have been acquitted. If, on the other hand, the transaction occurred as the prosecutor testified it did, appellant was guilty and should have been convicted. These two theories should have been presented by the court in appropriate instructions. Instead thereof, the court in effect instructed the jury as to only one transaction, and that predicated on the testimony of appellant and his witnesses; and the jury were instructed substantially, if the transaction occurred as insisted by appellant, to find him guilty. For instance, the court told the jury if they believed from the evidence, etc., that appellant was the agent of Shirley in Fannin County, etc., and that as such agent he solicited said Mappin to order the whisky mentioned in this case, and as such agent collected from said Mappin the purchase price thereof and procured Shirley to send him (defendant) certain whisky from Paris to Honey Grove, and that defendant delivered said whisky to Mappin, to find him guilty. Now, there was really no testimony that appellant was the agent of Shirley. The only testimony on this subject, aside from the transaction, came from appellant himself, in which he specifically denied he was the agent of Shirley or in anywise concerned in his business. But, concede there was some testimony tending to raise the issue as to appellant's agency for Shirley, and also concede there is testimony tending to show appellant solicited the order from prosecutor, then we have an effort on the part of the court to make appellant liable for a · criminal offense, if he sent an order for the prosecutor, with the money accompanying it, to Shirley at Paris, and had him express the whisky addressed to prosecutor in care of appellant at Honey Grove; and that appellant, when he received the package, turned it over to prosecutor; the prosecutor having previously not only paid for the whisky, but paid the expressage on the same from Paris to Honey Grove. Evidently, under the authorities, this transaction was consummated at Paris. The whisky was paid for before it was sent; the expressage prepaid; and when the whisky was delivered to the express company at Paris, it became the property of the prosecutor. Bruce v. State, 36 Texas Crim. Rep., 53; Sinclair v. State, 76 S. W. Rep., 321, and authorities there cited; and for collation of authorities see 17 Am. and Eng. Enc. of Law, pp. 300, 301.

It is insisted that although this may have been the law prior to the act of the Twenty-seventh Legislature, p. 262, that the effect of that enactment was to change the rule. We reply that it is not competent for the Legislature to define a sale and fix its locus, regardless of the known rules of law which authorizes parties to make their own contracts, making the place of the sale depend on the place where the property is transferred and title passes; much less is it competent for the Legislature to reverse the decisions of the courts upon questions of this character. While that body is supreme in the exercise of its functions, it can no·more fix the place of sale of liquor as between contracting parties in contravention of the rules of law than it can determine the place

of a sale of any other commodity, or than it can define what intoxicating liquors are. If it can do the one, it can do the other; and as its whim or caprice might suggest, it could define away intoxicating liquors altogether.

We believe under the facts of this case, from appellant's standpoint, that there can be no question that the sale of the liquor was completed at Paris, and that the property vested in the prosecutor there. Neither the law with reference to C. O. D. packages nor the provision with reference to the solicitation of liquors in a local option territory can alter or change the facts which constituted the prosecutor owner of the property as soon as it was placed by the consignor in the hands of the common carrier at Paris. The court instead of charging the jury to convict appellant on the testimony of himself and his witnesses, should have instructed them, if they believed the facts so to be, to acquit him. On the other hand, if the jury believed the facts to have been as testified to by prosecutor, they should have been authorized to convict him upon that theory.

We do not deem it necessary to discuss other criticisms of the charge of the court presented by appellant, nor is it necessary to discuss the special charges requested. We believe the case was tried on a false theory.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Brooks, Judge, dissents.