## WILL ASHLEY v. THE STATE.

### No. 2695. Decided April 20, 1904.

#### Local Option—What Constitutes Sale.

Appellant, who lived in a local option territory, made an order to L., who lived at B., outside of said territory, to send him a jug of whisky, and L. sent a jug of whisky by express to appellant and also consigned to him at the same time by express three other jugs of whisky; appellant went to the express office, paid out his jug and got it, but refused to take out the other three jugs, telling the express company that he had not ordered them, and thereafter gave an order on the express company for one of the three jugs of whisky and accepted the price therefor from the person in whose favor he had made the order; held, that appellant was guilty of making a sale of the whisky.

Appeal from the County Court of Brown. Tried below before Hon. S. C. Coffee.

Appeal from a conviction of violating the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*J. B. McMahon,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of violating the local option law in Brown County, and his punishment assessed at a fine of $25 and twenty days confinement in the county jail; hence this appeal.

It is conceded that local option was in effect in Brown County at the date of the alleged sale; and the only question presented for our consideration is whether the facts show a sale; and in this connection, whether the charge of the court properly submitted that issue to the jury. The evidence on this subject is substantially, as follows: that appellant Ashley made an order to Charley Low, who lived at Ballinger, to send him by express a jug of whisky, and that Low sent a jug of whisky by express to him at Brownwood; that Low also consigned to him at the same time by express three other jugs of whisky; that his jug of whisky was a $2 jug; that when the whisky came he went to the express office paid his jug out and got it; that he did not send for the other jugs, and refused to take the same out of the express office, but informed the express company that he had not ordered them; that subsequently Lee Lawson came to appellant in Brownwood and told him he wanted some whisky; that he told him he did not have any, but that there was a jug of whisky at the express office in his name, and if

he would go and get it, and pay for it, he might have it, and that he gave him an order on the express company for the whisky in these words: "Mr. White: Please let bearer have one jug of my whisky, and oblige. (Signed) Will Ashley." On this order Lawson went to the express office, paid $1.60 (the price of the whisky and the express charges) and received the whisky from the express agent. It is otherwise shown in the record that besides the jug of whisky ordered by Ashley from Charley Low at Ballinger, three other jugs of whisky came by express consigned to Ashley. So that it appears in effect that Low, who lived at Ballinger (and was evidently in the whisky business at that point) had shipped to appellant at Brownwood, without any request or order on the part of appellant, the jug of whisky in question. It can not be claimed that, under these circumstances, any sale of the whisky had been made by Low to appellant prior to its arrival at Brownwood. It was there in charge of the express company as the property of Low, and while in one sense it might be considered a C. O. D. package, it was not at Brownwood in pursuance of any order theretofore made by the consignee Ashley, but remained the property of the consignor, Low; the title was in him, and if a loss had occurred, it would have been his loss. So that, as a C. O. D. package it does not come within the rule laid down in Bruce v. State, 36 Texas Crim. Rep., 53; Sinclair v. State, 77 S. W. Rep., 621; nor James v. State, 78 S. W. Rep., 951. The whisky in question being at Brownwood, as the property of Low, it was subject to sale and disposition there, and although it had not been ordered by appellant, it was competent for him to accept the proposition to sell as presented to him. No other one at that point had the disposition of the property. If he had gone to the express company and paid for the whisky, and then have disposed of it to Lawson for the same amount he paid out, or for a less amount, it would constitute a sale on his part. Treadaway v. State, 42 Texas Crim. Rep., 466; Young v. State, 66 S. W. Rep., 567; Bills v. State, 3 Texas Ct. Rep., 227. However, appellant did not pursue this course, but authorized Lawson to pay the express company for the whisky; that is, he gave a written order in favor of Lawson to the express company. Thus he treated the whisky as his own, and thus, as far as he was concerned, consummated the purchase of the whisky from Low, and at the same time disposed of the whisky to Lawson. Now, whether his conduct be construed into a direct sale by him to Lawson, or as in aid of Low in the disposition of the whisky at Brownwood, it occurs to us is immaterial. In either event he would be liable as for a sale of the whisky at Brownwood. It appears that no one else was authorized to take the whisky at the point of destination, according to the terms offered by the seller, and no one else had a right to dispose of it; and by the transaction he either sold the whisky as his own property, or he acted in the sale as the agent of Low; and he can not evade the responsibility assumed by him under his voluntary action. He was either the direct seller of the whisky or he was the agent of

Low in the consummation of the sale. As we understand the charge of the court, the judge instructed the jury properly, if they believed the circumstances existed as shown in the proof above stated ('and we do not understand there is any controversy as to that) to find appellant guilty; and he refused a charge requested by appellant contravening that view. In this action of the court we do not believe there was any error. The judgment is affirmed.

*Affirmed.*

[Motion for rehearing overruled without a written opinion.—Reporter.]