## LEN CANTWELL V. THE STATE.

### No. 3018. Decided January 18, 1905.

**1.—Local Option—Transfer From District to County Court.**

Where the record showed that the order transferring the case, designated the same by number only, and the transcript showed the name of the defendant in addition to the number, it was sufficient and there was no variance. Nor is it necessary that the transcript should show the date on which the district court adjourned.

**2.—Same—Petition For Election.**

It is immaterial whether a petition for local option was defective, the court having the absolute right under the statute to order the election.

**3.—Same—Election For Entire County.**

Where all of the county of C. was under local option, except the towns of M. and W. at the time of ordering the election for the whole county, such election for the entire county was legal.

**4.—Same—Fact Case—Sale.**

Where the evidence showed that a package containing whisky was shipped C. O. D. to appellant at M. by express, he not having ordered the whisky; but prosecutor knowing that the package was at the express office, and desiring the whisky, informed appellant and procured an order from him for it, upon which he obtained and paid for it, the transaction constituted a sale.

**5.—Same—Knowledge of the Law Presumed.**

There was no error in refusing to permit defendant to prove that he had no intention of violating the local option law by giving an order to the prosecutor for whisky in his name at the express office, since it is presumed that he knew the law.

**6.—Same—Evidence.**

Where the express agent had no independent recollection of the transaction and could only testify what his books showed; it being an order upon him for whisky by defendant in favor of prosecutor which order was already in evidence, there could be no error; besides, such testimony was admissible.

**7.—Same—Presumption That Local Option Law is in Force When.**

Where the orders of the court with reference to the local option election were proper and the certificate of the judge having been properly entered, certifying that the result of the election had been duly published; it authorized the court trying defendant for a violation of the local option law to assume in his charge that said law was in force at that time.

Appeal from the County Court of Collin. Tried below before Hon. F. E. Wilcox.

Appeal from a conviction of violating the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*Brown & Hughston* and *Garnett & Smith,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Conviction of violating the local option law, the punishment assessed being a fine of $25 and twenty days confinement in the county jail.

Appellant filed a motion setting up the lack of jurisdiction of the county court, because there was a variance between the order entered by the district court transferring the case and the transcript to the county court; and because the day upon which the district court adjourned was not shown. The record shows that the order transferring the case, designated the same by number only; the transcript shows the name of the defendant in addition to the number. It is sufficient for the transcript to show the number of the cause. Haynes v. State, 11 Texas Ct. Rep., 286. Nor does the mere fact that the transcript is fuller than the order, constitute a variance. Nor is it necessary that the transcript should show the date on which the district court adjourned. The presumption is that the transfer was legally made and before the adjournment of the term of the court.

Appellant further contends that the order of the commissioners court is void, because it appears from the order that the petition which moved the court to make the order was defective. If it be conceded that the petition is defective, the court having the absolute right under the statute to order the same, we will presume that it was so ordered. Loveless v. State, 40 Texas Crim. Rep., 131; Dillard v. State, 31 Texas Crim. Rep., 470; Ezzell v. State, 29 Texas Crim. App., 521. The order for the election, the order declaring the result and the certificate of the county judge showing the publication thereof, are all in proper form, and show that local option was in operation in Collin County.

Appellant further insists that the election for local option purposes in Collin County was not legal, because all of Collin County was under local option, except the towns of McKinney and Wiley at the time of ordering the election in this case; that this being the case, the county could not hold an election and put local option in force in said towns. This question has been repeatedly decided by this court adversely to appellant's contention. Ex parte Rippey, 44 Texas Crim. Rep., 72; Ex parte Fields, 39 Texas Crim. Rep., 50. In Ex parte Heyman, 78 S. W. Rep., 349, it was held that the county could override the wish, will or option of any subdivision of the county.

The indictment alleges the sale to have been made by appellant to Lon Furr. The facts show that a package or box containing whisky was shipped C.O.D. to appellant at McKinney, via the American Express Company. Appellant had not ordered the package of whisky. Prosecutor Furr desired to obtain some whisky, and knowing the package was at the express office, approached appellant and informed him he would like to have some whisky, whereupon appellant gave witness Furr the following order to wit: "Agent Express Company: Let Lon Furr have my box, and oblige. Len Cantwell. 12–19–1903." Whereupon prosecutor proceeded to the express office, presented the order, and obtained the package containing the whisky, by paying to the express company $3.50, the charges on the whisky. We hold that this constituted a sale. Ashley v. State, 10 Texas Ct. Rep., 271.

Bill number 1 complains that the court erred in refusing to permit

him to prove that he had no intention of violating the law or of making the sale by giving the order above quoted. In this there was no error. A mistake of fact, as held by the court in Patrick v. State, 9 Texas Ct. Rep., 530, would absolve an accused from prosecution; but appellant proposed to testify as to a mistake of law. The bill does not show that he thought the package did not contain intoxicating liquor, but the proof shows that he knew it did contain whisky. Certainly it would not be proper for him to testify that he did not know he was violating the law, since he is presumed to know the law.

By another bill it is shown that appellant objected to the testimony of J. H. Walton, express agent, who testified that he had no independent recollection of the transaction, and could only testify what his books showed. We think this testimony was admissible. Kimbrough v. State, 28 Texas Crim. App., 367. Be this as it may, the witness merely testified as to the order above copied—the same having been admitted on the trial to have been given, could not constitute any error.

Nor do we think the court erred in submitting to the jury, in the manner he did, the question of whether or not local option was in force in Collin County at the time of the alleged sale. Under the authorities of this court, the orders being proper and the certificate of the judge having been properly entered, certifying that the result of the election had been duly published, would have authorized the court to have assumed in his charge that the law was in force at this time. There are numerous authorities supporting this proposition unnecessary to cite. The record shows that local option was in force in Collin County, the evidence supports the verdict of the jury, and the judgment is affirmed.

*Affirmed.*

[Motion for rehearing overruled without written opinion.—Reporter.]