## FRED BEALL v. THE STATE.

### No. 3246.    Decided March 23, 1905.

**1.—Local Option—Sale—Loan—Charge of Court.**

Where the evidence showed, in a prosecution for a violation of the local option law, that a jug of whisky had been shipped to appellant and another, and appellant received the value for the whisky from a third party and took the liquor out of the express office and turned it over to the said party, retaining the money, the transaction constituted a sale, although there was testimony that defendant considered it a loan; and see a charge submitting the law applicable to this evidence held correct.

**2.—Sale—Charge of Court—Variance.**

Where in a prosecution for a violation of the local option law the whisky was shown to have been shipped to appellant and another and appellant took the goods out of the express office and turned them over to a third party who had paid him the price of the whisky, there was no error in the court's charge which referred to said shipment as one made to defendant, and there was no variance in not referring to the other consignee.

Appeal from the County Court of Hunt. Tried below before Hon. F. M. Newton.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and confinement in the county jail for twenty days.

The opinion states the case.

No brief for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Conviction for violating the local option law. The evidence discloses that appellant approached witness Pemberton, and stated he wanted some whisky. Pemberton remarked he would also like to have some. Appellant said he thought he could get the whisky, but did not have the money. Pemberton told him he had the money, but did not want that much whisky—referring to a jug appellant told him was in the express office, consigned to himself and Bud Estes. Pemberton gave appellant the money. Appellant remarked at the time he received it, "This is a loan from you to me," and Pemberton remarked, "Yes, I understand." Pemberton took up a collection and furnished appellant with the money. He says, however, that he did not know appellant understood he was going to make up the money

though he did make it up from other boys. The whisky was taken out of the express office by appellant, the C. O. D. charges being paid, and carried to a restaurant and the box opened. Pemberton testified he did not know who opened the package or who poured out the whisky, except that he poured out the last part of it for the negro, who had contributed 75 cents of the money. Pemberton remarked to the negro for whom he poured the whisky, "This is all that is coming to you." Pemberton further testified that he considered he had gotten a dollar's worth of the whisky. After the institution of the prosecution appellant approached Pemberton and offered to refund the money. Appellant testified to getting the money from Pemberton, considered it a loan, and did not know that he was violating the law, and did not intend to do so. This is the substance of the case.

The court charged the jury, if they should find from the evidence beyond a reasonable doubt that defendant received from the express company a package of whisky, but the package had been consigned to defendant C. O. D. at Greenville, Hunt County, and should further find that he received from Pemberton money to pay for the whisky, with the understanding that Pemberton was to have said whisky or any part of it, such transaction would constitute a sale by defendant to Pemberton. But if they should not so believe from the evidence, beyond a reasonable doubt, then they should acquit. This charge is criticized as not being the law of the case. We are of opinion that it is, and applicable to the testimony. No special charges were asked. If as a matter of fact the contract between the parties was that this was simply a loan by Pemberton to appellant, and Pemberton did not get the whisky in return for his money, except in the way of a treat from appellant, he would not have been guilty. But if, as Pemberton says, he let him have the money made up from other boys as well as himself, and the whisky was returned in payment for it, then he would be guilty. Ashley v. State, 10 Texas Ct. Rep., 271; Cantwell v. State, 12 Texas Ct. Rep., 241; Treadaway v. State, 42 Texas Crim. Rep., 466. The evidence justified the jury in reaching this conclusion.

It is beyond question the goods were shipped to appellant C. O. D., that is, shipped to appellant and Estes. That he got the money from Pemberton to take the whisky out of the express office, and if Pemberton's testimony is true, or the jury believed it, then appellant not only sold Pemberton a dollar's worth of the whisky, but 75 cents' worth more of the whisky went to a negro who had contributed money to get it out of the express office. Appellant suggests that, as the goods were shipped to himself and Estes, the court was in error in that portion of the charge wherein he instructed with reference to the C. O. D. shipment only to appellant. We do not think there is any merit in this contention. Appellant took the goods, and if the goods were shipped to them in partnership or jointly and he obtained the goods from the express office in person, and sold same, the court was justified

in charging the jury as he did, and there was no variance. Appellant asked no charges.

The judgment is affirmed.

*Affirmed.*

Henderson, Judge, absent.