### VESS DUNN v. THE STATE.

#### No. 3245. Decided March 23, 1905.

**Local Option—Agency—Sale—Liquor By Express.**

Where whisky was shipped to appellant from Kansas City, Mo., to H. County, Texas, and he knew nothing about it until it reached its point of destination, and he then accepted the price of the whisky and expressage from third parties and turned the liquor over to them, he was not their agent, but the seller of the whiskey and was guilty of a violation of the local option law.

Appeal from the County Court of Hood. Tried below before Hon. K. H. Faulkner.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*H. D. Payne,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Conviction of violating the local option law—punishment imposed being a fine of $25 and twenty days in jail. The facts disclose that Becker Bros., residing in Kansas City, Missouri, shipped to appellant at Toler, Texas, a box containing four quarts of whisky; that appellant knew nothing about the shipment until it reached its point of destination at Toler. Tidwell and some other young men ascertaining the goods were in the express office, wanted the whisky and gave appellant the money to pay the necessary charges to get same out of the express office. Appellant accepted the money, secured the whisky, turned it over to the boys who furnished the money to pay the expressage. This is the case in substance. The theory of the defense is that appellant was the agent of the boys in getting the whisky out of the express office; and therefore the purchase was made for them through him as their agent. Special charges submitting this as the law of the case were refused. In this there was no error. This case comes within the rule laid down in Ashley v. State, 10 Texas Ct. Rep., 271; and Cantwell cases, 12 Texas Ct. Rep., 241. Under the facts the whisky was the property of Becker Bros. when it reached the express office at Toler. There was no contract between Becker Bros. and appellant in regard to the shipment of the whisky; and the express

company was used as a means of transporting and tendering the whisky to appellant at Toler. It was therefore the property of Becker Bros. when it reached the express office. The acceptance by appellant made the trade and therefore the sale at Toler, under the authorities cited. Appellant, therefore, could not be the agent of the boys, because the goods were not shipped to any of them but to himself. He had full knowledge of and testified to these facts on the witness stand. When he took the goods out of the office this made the sale to him at Toler. He was not the agent of the boys. Therefore the sale was brought about by appellant, and under the cases cited above, he was guilty of selling whisky in Toler. See also Treadaway v. State, 42 Texas Crim. Rep., 466.

The judgment is affirmed.

*Affirmed.*

Henderson, Judge, absent.

[Motion for rehearing overruled without written opinion.—Reporter.]