### J. B. Hillard v. The State.

#### No. 2865. Decided May 24, 1905.

**1.—Local Option—Names of Officials Not Required in Publication.**

The law merely requires the publication of a copy of the order declaring the result of the local option election and prohibiting the sale of intoxicating liquors, and need not contain the names of the county commissioners or county judge, and their names need not appear at all in connection with such order itself either in the original or the copy which is published; the publication of the order is what the law requires and not the names of the officials who had it made and entered on the minutes of the court.

**2.—Same—Sale—C. O. D. Order Assumed By Third Parties.**

Where the defendant, who was convicted of violating the local option law, had whisky in his name at an express office in a local option territory C. O. D., and permitted third parties to receive the package and pay him for it, the defendant receipting for the same to the express agent and handing him the money for the amount due thereon, the transaction was a prohibited sale. Following Ashley v. State, 46 Texas Crim. Rep., 471, 80 S. W. Rep., 1015; Treadway v. State, 42 Texas Crim. Rep., 466.

**3.—Same—Certiorari—Perfecting Record on Appeal—Practice.**

See opinion where no complaint appeared in the record when first submitted, which, on motion of Assistant Attorney-General, was perfected by certiorari.

Appeal from the County Court of Comanche. Tried below before Hon. W. C. Jackson.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days in the county jail.

The opinion states the case.

*Oscar Calloway* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.—Appellant's main insistence is that the order of the commissioners court declaring the result of the election and prohibiting the sale of intoxicating liquor was not published for four successive weeks in a newspaper as required by article 3391, Revised Statutes, for the reason that the said order was not signed by the county judge. The court will observe that said article does not require that the same shall be signed by the county judge. It provides that the order shall be published. The order on its fact shows its character and purpose. The entry of the publication made on the minutes of the commissioners court must be certified by the county judge, which was done in this case, as the entry introduced in evidence shows. The judgment should be affirmed.

HENDERSON, JUDGE.—Appellant was convicted of violating the local option law, and appeals. He contends that because the order as published in the newspapers putting local option into effect did not contain the names of the county commissioners, therefore, the publication was void. The section of the act requiring this publication merely requires a copy of the order to be published, without prescribing that names of the county judge and the commissioners should be attached thereto. Their names might be found only at the conclusion of the term of the court, in signing the minutes, and might not appear at all in connection with the order. A mere publication of the order, taken from the minutes of the court, without containing the names of the commissioners, is all that the law seems to require. The facts show that this was a C. O. D. package of liquor, which was in the depot at DeLeon, not taken out by the party, J. B. Hillard, to whom it was addressed. It seems that it became known he had a package of whisky there, and C. W. Herrold and others went to him and told him they wanted some whisky. He said he did not have any at his place of business, but said there was some at the depot in his name; that it came C. O. D. and he could get it by paying it out. The parties, Herrold and others then made up the money to pay it out. Herrold put in enough for one quart; Halsey put in some to pay for a part, and Hillard paid for the balance. The parties then went to the depot and Hillard gave the agent the money and receipted for the package: Herrold taking one quart, Halsey taking two quarts, which they paid for; and one was left in the box for Hillard. This was in effect the testimony. The facts here stated bring it within the rule laid down in Ashley v. State, 46 Texas Crim. Rep., 471; 80 S. W. Rep., 1015; Tredaway v. State, 42 Texas Crim. Rep., 466.

When this case was first submitted there was no complaint in the record. Since that time the Assistant Attorney-General has filed a motion for certiorari, and has had the record perfected in this respect by bringing up a certified copy of the complaint, and which now constitutes a part of the record.

No error appearing in the record, the judgment is affirmed.

*Affirmed.*