Pony Jackson v. The State.

No. 3317.   Decided January 31, 1906.

**1.—Local Option—Order for Express Package—Books as Evidence.**

Upon a trial for a violation of the local option law where the evidence showed that the whisky was delivered upon an order upon the express office, and the express agent had no recollection of the transaction even after looking at his books, there was no error in introducing the books in evidence that the order was presented and the whisky received, it having been shown that the books were correctly kept.

**2.—Same—Sufficiency of Evidence—Order for C. O. D. Express Package.**

Where upon trial for violation of the local option law the evidence showed that defendant gave the prosecutor an order for a C. O. D. express package held by the express company, and the prosecutor presented the order, paid the money due thereon and obtained four quarts of whisky, the conviction was sustained.

Appeal from the County Court of Collin.   Tried below before Hon. F. E. Wilcox.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*Brown & Hughston,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.—On question as to what constitutes a sale, Beall v. State, 12 Texas Ct. Rep., 801; Dunn v. State, id., 803.

DAVIDSON, Presiding Judge.—Conviction for violating the local option law. Appellant gave witness Day an order for a C. O. D. express package, held by the American Express Company. Day presented the order, paid the money, and obtained four quarts of whisky. The order is in the following language: "Mr. Walton, or Walter Wilson. Sir: Please let Mr. J. Day have my package as I have no one to stay *hear* for me. Yours resp. Pony Jackson." Walton testified that he was express agent, and had no recollection of the transaction, even after looking at his books, but his books were correctly kept, and all items entered in them were made in accordance with the facts shown by the entries; and it showed that Day presented the order in question and received and receipted for the package in question. It is objected that the testimony of Walton was inadmissible, and that the entry on the books should not thus be used. We are of opinion that the ruling of the court was correct. The books were shown to have been correctly kept, and this was not questioned.

It is also contended that the evidence is not sufficient. We are of opinion that it is. The question raised by this evidence has been so

frequently decided that we deem it unnecessary to cite authorities. There being no error in the record, the judgment is affirmed.

*Affirmed.*

[Motion for rehearing overruled without written opinion.—Reporter.]