JEFF WALKER V. THE STATE.

No. 3724.  Decided December 18, 1907.

1.—Local Option—Indictment.

Where in a prosecution for a violation of the local option law, the indictment was in the usual form approved by this court, the same was sufficient.

2.—Same—Evidence—Publication—Certificate of County Judge.

Where upon trial for a violation of the local option law, the certificate of the county judge of the publication declaring the result of the election for the time required by law, contained a statement that the election was legally held, etc., and the bare repetition of what had been done, the admission in evidence of such additional statement in the certificate could not have injured the defendant.

3.—Same—Certificate of Judge—Dictation to Clerk.

The mere fact that the clerk did the manual labor of transcribing the order of publication upon the minutes, either from the copy furnished by the county judge or under his dictation and direction, would not vitiate the certificate, and the same was admissible in evidence upon trial for a violation of the local option law.

4.—Same—Charge of the Court—Criminal Intent.

Where upon trial for a violation of the local option law the evidence showed that the defendant received whisky by express C. O. D. and took money from a third party, delivering to said party certain portions of the whisky for the money theretofore advanced, the same constituted a sale in violation of the law, and requested charges as to the intention of defendant were correctly refused.

5.—Same—Additional Charge of Court.

There was no error in the court giving an additional explanatory charge to the jury.

Appeal from the County Court of Upshur.  Tried below before the Hon. Albert Maberry.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*Warren & Briggs,* for appellant.—On question of judge's certificate: Ladwig v. State, 40 Texas Crim. Rep., 585; Dreschel v. State, 35 Texas Crim. Rep., 577; Carnes v. State, 50 Texas Crim. Rep., 282; 17 Texas Ct. Rep., 526; Jones v. State, 38 Texas Crim. Rep., 533.  On question of criminal intent:  Landis v. State, 10 Texas Crim. App., 63; Staples v. State, 14 Texas Crim. App., 136.  On question of agency:  Givens v. State, 91 S. W. Rep., 1090.

*F. J. McCord,* Assistant Attorney-General, and *W. W. Sanders,* County Attorney, for the State.—On question of indictment:  Key v. State, 37 Texas Crim. Rep., 77; Covington v. State, 51 Texas Crim. Rep., 48; 100 S. W. Rep., 368.  On question of criminal intent:  Chaplin v. State, 7 Texas Crim. App., 87; Patrick v. State, 78 S. W. Rep., 947; art. 46 Penal Code.  On question of agency:  Treadway v. State, 42 Texas Crim. Rep., 466.

BROOKS, JUDGE.—Appellant was convicted for violating the local option law, and his punishment assessed at a fine of $25 and twenty days confinement in the county jail.

Appellant's first-ground of the motion for a new trial complains that the court erred in failing to quash the indictment. The indictment is in the usual form, as has been held on various occasions by this court.

The sixth ground of the motion complains that the court erred in permitting to be introduced the certificate of the county judge to the effect that the order declaring the result of the election had been published, first, because there is no allegation in the indictment to authorize such evidence; second, the county judge did not enter said certificate on the minutes of the commissioners court, but that said certificate was made out by the county judge, which was filed by the county clerk and by him recorded in the minutes of the commissioners court; third, because the certificate of the county judge does not show that the order declaring the result of the election was published by the county judge of Upshur County or by his order; fourth, because the certificate shows the commissioners court published the result; fifth, because the certificate certifies that the election was legally held, and that the order declaring the result of the election was made by the commissioners court and that local option is in effect, all of which is unauthorized by law, and is prejudicial to the defendant. The order in question is as follows: "I, M. B. Briggs, County Judge of Upshur County, Texas, do hereby certify that on the 29th day of August, A. D., 1903, an election in accordance with the laws of the State of Texas was held under and by virtue of an order of the commissioners court of Upshur County, Texas, heretofore duly made and published, to determine whether or not the sale of intoxicating liquors shall be prohibited within the limits of Upshur County, Texas; and thereupon the commissioners court of Upshur County, Texas, on September 9, 1903, did pass and published an order declaring the result of said election prohibiting the sale of intoxicating liquors within the limits of said Upshur County, Texas, and thereafter, to wit: the 11th, 18th and 25th days of September, A. D., 1903, and the 2d and 9th days of October, 1903, said order was duly published in the Searchlight, a newspaper of general circulation, published in Gilmer, Upshur County, Texas, said order having been duly published as required by law and in conformity therewith, said election was legally held in Upshur County, and a majority of the votes being for prohibition, it was declared that local option should be in effect in said Upshur County, Texas, and thereafter the sale of intoxicating liquors shall be prohibited in said Upshur County, Texas.

"Therefore, in accordance with said order, I declare prohibition in full force and effect in Upshur County, Texas, after October 10, 1903. To all of which witness my official signature, this the 10th day of October, 1903. M. B. Briggs, County Judge, Upshur County, Texas. Filed this October 10, A. D., 1903, at 10 o'clock, a. m. J. W. Wall, County Clerk, Upshur County, Texas."

Article 3391 of the Civil Statutes, authorizing the above certificate, reads as follows: "The order of court declaring the result and prohibiting the sale of such liquors shall be published for four successive weeks in some newspaper published in the county wherein such election has been held, which newspaper shall be selected by the county judge for that purpose. If there is no newspaper published in the county, then the county judge shall cause publication to be made by posting copies of said order at three public places within the prescribed limits for the aforesaid length of time. The fact of publication in either mode shall be entered by the county judge on the minutes of the commissioners court. And entry thus made, or a copy thereof certified under the hand and seal of the clerk of the county court shall be held sufficient prima facie evidence of such fact of publication." The order is merely evidence of the fact of publication for the time required by law and, therefore, any other statements by the county judge in a certificate would not be admissible as evidence and ought not to be contained in the certificate. Therefore, that portion of the certificate which certifies that "the election was legally held, and a majority of the votes being for prohibition, it was declared that local option shall be in effect in said Upshur County, Texas," ought not to have been placed in said certificate, but in the light of this record, this was merely a bare repetition of what had been done and could not have injured appellant.

The only other question we deem necessary to review is whether or not the county judge could write out the certificate or dictate same and have the clerk copy the same upon the minutes of the commissioners court. We hold that he could. The mere fact that the clerk did the manual labor of transcribing the order upon the minutes, either from the copy furnished by the county judge, or wrote the order upon the minutes under dictation of the county judge, there being no question or cavil over the fact that the county judge was directing the entry of the certificate, would not vitiate the certificate. There could be no merit in the insistence that the county judge should, with his own hand, write the certificate upon the minutes, unless the merit lay in the fact that everybody knew the handwriting of the county judge. The pith and point of the whole matter lies in the fact that in the official capacity the certificate is entered or caused to be entered by the man who is acting county judge at the time it is necessary to make the certificate. We have held that any county judge can make the certificate whether he be the one that presided over the commissioners court at the time the election was held or not. See Crockett v. State, 40 Texas Crim. Rep., 173. If any county judge can enter the order, as held in the above cited case, then certainly there is no merit in the contention that the county judge has to enter the order with his own hand. We accordingly hold that the certificate was sufficient.

Appellant requested the court to give the following charge: "I charge you that there can be no crime without a criminal intent and in this case if you should find that the defendant let the witness, Ed Hitt, have the

whisky as alleged, if he did so, but that in doing so, he did not intend to sell the whisky, then you must acquit the defendant, or if you have a reasonable doubt as to whether he intended to sell the whisky, you must acquit."

Appellant also requested the following charge: "If you should find that the defendant ordered one gallon of whisky to be sent to him at Bettie, Texas, C. O. D., and that he ordered same in good faith for medical purposes only and shall further find that thereafter and before said whisky was delivered the witness, Ed Hitt, offered to go in with him and take one quart of the whisky, to which the defendant agreed and said Hitt gave him $1, being one quarter of the price of said gallon of whisky and that the defendant took said whisky from the express office and Ed Hitt took one quart of same, and shall further find that the defendant did not intend to sell to said Hitt said quart of whisky and did not believe that said facts constitute a sale, then you must acquit him." Neither of these charges are correct in this case, and the court did not err in refusing same. We have frequently held that where one receives whisky by express C. O. D., and takes money from a third party, delivering said third party certain portions of the whisky for the money theretofore advanced, that these facts constitute a sale of whisky in violation of the local option law. See Treadway v. State, 42 Texas Crim. Rep., 466; 80 S. W. Rep., 1015; 2 Texas Ct. Rep., 415, and 13 Texas Ct. Rep., 520.

This, we think, disposes of all appellant's contentions that we deem necessary to review. There was no error in the court giving the additional charge complained of since the same presents the converse of the propositoin contained in the last above cited special charges.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

Henderson, Judge, absent.