THE STATE, *Appellant*, v. BOLIN.

Division Two, May 31, 1892.

1.  **Criminal Law**: EMBEZZLEMENT UNDER COLOR OR PRETENSE OF OFFICE: CONSTRUCTION OF STATUTE. The language of section 1326, Revised Statutes, 1879, defining embezzlement by one "under color or pretense" of an office, can only be construed to make one acting officially, under color of office only, equally liable for the misappropriation of the public money coming into his possession by virtue of his supposed official right to receive it, as he would have been, had his title to his office been perfect.

2.  ———: ———: ———. The words, "under color or pretense," of an office cannot be construed to apply to an officer, who, having in fact, no right to the custody of public money, obtains possession of it by falsely representing that he is entitled to it by virtue of his office.

3.  ———: ———: ———: SCHOOL MONEY: JUSTICE OF PEACE. A justice of the peace, having no legal right to the possession, care or control of the public school money of the county or state for any purpose, cannot be guilty of embezzling it.

*Appeal from Howell Circuit Court.*—HON. JOSEPH CRAVENS, Judge.

AFFIRMED.

*John M. Wood*, Attorney General, *J. B. Tillman*, Prosecuting Attorney, and *M. B. Clarke* for appellant.

(1) The indictment is sufficient under the statute. R. S. 1879, sec. 1326. (2) It is not necessary under that statute that the money should have come in possession of the defendant by virtue of his office. It is sufficient if he received it under color or pretense thereof. (3) It is sufficient to charge the money as public money. 62 Mo. 393; 59 Mo. 149; 78 Mo. 600.

VOL. 110—14

*Seay, Winningham & Orchard* for respondent.

MACFARLANE, J.—The grand jury of Howell county preferred against the defendant an indictment for embezzlement as follows:

"The grand jurors for the state of Missouri, summoned from the body of Howell county, impaneled, sworn and charged to inquire within and for the body of Howell county, upon their oaths present and charge that H. L. Bolin, late of the county aforesaid, on or about the twenty-eighth day of November, 1888, at and in the county of Howell and state of Missouri, being then and there an officer duly appointed and qualified under the laws of the state of Missouri, to-wit, being then and there a justice of the peace of Hutton Valley township, in said county of Howell and state of Missouri, certain public moneys, to-wit, $200, of the value of $200, of the public moneys of the county school fund of said county of Howell and state aforesaid, did then and there unlawfully and feloniously convert to his own use, which said moneys then and there had come to him, the said H. L. Bolin, by color and pretense of his said office; and so the said H. L. Bolin, in manner aforesaid, the said public moneys aforesaid, feloniously and unlawfully did embezzle and convert to his own use, contrary to the statute in such case made and provided, and against the peace and dignity of the state."

To this indictment defendant interposed a demurrer on the ground that no crime was charged, and the indictment was insufficient. The demurrer was sustained, and the state appealed.

Section 1326, Revised Statutes, 1879, under which the indictment was found, is as follows:

"If any officer, appointed or elected by virtue of the constitution of this state, or any law thereof,

including as well all officers, agents and servants of incorporated cities and towns, or municipal townships or school districts, as of the state and counties thereof, shall convert to his own use, in any way whatever, or shall use by way of investment in any kind of property or merchandise, or shall make way with or secrete any portion of the public moneys, or any valuable security by him received for safe keeping, disbursement, transfer, or for any other purpose, or which may be in his possession, or over which he may have the supervision, care or control, by virtue of his office, agency or service, or under color or pretense thereof, every such officer, agent or servant shall, upon conviction, be punished by imprisonment in the penitentiary not less than five years."

It will be seen that defendant, as a justice of the peace, is accused of embezzling $200 public school money of the county, which came into his possession "by color and pretense of his said office."

No provision of the statute is pointed out, or found, which directs or authorizes the public school money of the state or county to be placed in the possession or under the supervision, care or control of a justice of the peace for safe keeping, disbursement, transfer, or other purpose, and we are unable to see how he, as a public officer, can be guilty of embezzling funds which never came into his possession, under any authority of law, by virtue of his office. If he had no right to the possession or control of this public money as an officer, he would have no greater right when acting merely under color or pretense of office.

We do not think the language of the statute, "under color or pretense" of an office, can be construed to apply to an officer, who, having in fact no right to the custody of public money, obtains the possession of it by falsely representing that he is entitled to its

custody by virtue of his office. The statute was only intended to make one, acting officially, under color of office only, equally liable for the misappropriation of the public money coming into his possession by virtue of his supposed official right to receive it, as he would have been had the title to his office been perfect.

Judgment affirmed.    All concur.