The State, *Appellant*, v. Hall.

### Division Two, February 12, 1895.

Criminal Practice: EMBEZZLEMENT: OFFICER: INDICTMENT. An indictment under Revised Statutes, 1889, section 3555, charging that defendant, a marshal of a city of the fourth class, and an *ex officio* collector, embezzled the public moneys of the city, is insufficient; it not charging him either as marshal or collector, but as marshal and *ex officio* collector.

*Appeal from Lafayette Circuit Court.*—Hon. John E. Ryland, Judge.

Affirmed.

*R. F. Walker*, Attorney General, for the state.

(1) The court committed error in sustaining the motion to quash the indictment in this cause. It is true, the defendant is charged with embezzling the funds of the city while acting as city marshal and *ex officio* collector; it is evident that the court proceeded upon the theory that the defendant could not hold these two offices at the same time, which was erroneous. The court probably had in mind section 18, article 9 of the constitution. (2) The form of the indictment is not questioned. It follows the language of the statute creating the offense, and clearly charges every element constituting the crime of embezzlement. R. S. 1889, sec. 3555.

*Jno. S. Blackwell* and *John Welborn* for respondent.

(1) The revenue of the city of Odessa is required to be collected by a collector, duly elected by the qualified

voters of said city, and this officer is the only officer, under the statute law of the state and the ordinances of said city, authorized to receive, collect, handle, receipt for or disburse the revenue of said city or any part thereof. R. S. 1889, secs. 1584, 1626; secs. 30, 31, 32, page 20, ordinances of Odessa. (2) The office of marshal is a distinct and separate office from that of collector, the former discharging police duties exclusively, and the latter collecting, paying over, and disbursing the revenue of the city exclusively. The marshal is required to give a bond in the sum of $2,000 for the faithful discharge of his duties, while the collector is required to give a bond of $4,000 for the faithful discharge of his duties. R. S. 1889, secs. 1626, 1649; ordinances of Odessa, secs. 20, 29, 30, pp. 18, 20. (3) The mayor of the said city of Odessa, with the advice and consent of the board of aldermen, has power to appoint a collector for said city; but before he can make such an appointment he must be authorized to do so by ordinance. R. S. 1889, sec. 1620; ordinances of Odessa, sec. 11, p. 14. (4) The law does not authorize the revenue of said city to be placed in the possession of, or under the supervision, care, custody or control of, the marshal of said city for safe keeping, disbursement or any other purpose; and in the absence of such a provision in the law and in the ordinances, the indictment in this case is bad in charging such marshal with having by virtue of his office embezzled said public moneys. *State v. Bolin*, 110 Mo. 209; *State v. Johnson*, [3 Am. Crim. Reps.], 62. See, also, *State v. Heath*, 70 Mo. 565.

BURGESS, J.—At the October term, 1892, of the criminal court of Lafayette county the defendant was indicted for having embezzled the funds of the city of Odessa in said county while marshal and acting as *ex*

*officio* collector of said city.    The indictment, leaving out the formal parts, is as follows:

"The grand jurors for the state of Missouri, impaneled, sworn and charged to inquire within and for the body of the county of Lafayette, in the state of Missouri, upon their oath present and charge that Mahlon Hall, late of the county aforesaid, on the sixth day of January, 1891, at the county of Lafayette, state aforesaid, was then and there an officer duly elected and qualified under the constitution and laws of the state of Missouri, to wit, city marshal, and, as such, *ex officio* collector of the city of Odessa, in the county of Lafayette and state of Missouri, which said city of Odessa was then and there an incorporated city, and was then and there charged with the collection, receipt, safe keeping, transfer and disbursement of, and by virtue of his office as such city marshal and as such *ex officio* collector of said city of Odessa aforesaid, was then and there intrusted with and had control, charge and custody of, the public moneys belonging to and being the property of said city of Odessa aforesaid, and being so intrusted with and having the care, custody and control as aforesaid of the said public moneys aforesaid belonging to said city of Odessa aforesaid, certain of said moneys, to wit, the sum of $478 of the value of $478, the denomination and particular description of which said moneys are unknown to these grand jurors and therefore can not be given, of the public moneys belonging to said city of Odessa aforesaid by him received and taken into his possession and custody by virtue of his said office for safe keeping and received by and taken into the possession, care, custody and control of the said Mahlon Hall by virtue of his said office, and in his discharge of the duties thereof did then and there unlawfully, fraudulently and feloniously embezzle, make way with, secrete and convert to his own use;

and so the said Mahlon Hall the public moneys belonging to the city of Odessa aforesaid, in manner and form aforesaid, feloniously did embezzle, steal, take and carry away, against the peace and dignity of the state."

At the October term, 1894, of said criminal court, defendant filed his motion to quash said indictment upon the following grounds:

"*First.* Because the facts stated in the indictment do not constitute any offense against the laws of the state of Missouri.

"*Second.* Because the indictment is so defective that no judgment could be given upon it, even if the defendant should be convicted.

"*Third.* Because the indictment fails to allege the class of cities to which the said city of Odessa belongs.

"*Fourth.* Because, under the law of the state of Missouri, the city marshal of said city of Odessa was not, and could not be, *ex officio* collector of said city of Odessa, as charged in said indictment.

"*Fifth.* Because, under the law of the state of Missouri, the city marshal was not, and could not be, as *ex officio* collector, charged with the collection, receipt, safe keeping, transfer or disbursement of the revenue of said city of Odessa, as charge in said indictment.

"*Sixth.* Because, under the law of the state of Missouri, the city marshal of said city of Odessa was not, and could not be, as *ex officio* collector, intrusted with, or charged with, the control or custody of the public moneys belonging to said city of Odessa, as charged in said indictment.

"*Seventh.* Because no time is alleged in the indictment at which the defendant received the public money of Odessa, of the embezzlement of which defendant is alleged to be guilty.

"*Eighth.* Because the allegations in the indictment are repugnant in this, that it is alleged in the indictment that defendant did fraudulently and feloniously, embezzle, make way with, secrete and convert to his own use, the public moneys of said city; that he made way with the same money; and also secreted it, and also converted and embezzled it, which said allegations are inconsistent and repugnant and can not, and could not, all be true.

"*Ninth.* Because the form of the indictment in this case is that used against state and county officers when charged with embezzlement, while there is no authority in law for its use or application in the prosecution of city officers charged with embezzlement."

The motion was sustained, the indictment quashed, and the state appealed.

While the indictment charges that the defendant was duly elected city marshal, and as such was *ex officio* collector, we have been unable to find any statutory provision, nor has our attention been called to any such provision, by which a city marshal of a city of the fourth class is, by virtue of his office of marshal, *ex officio* collector.

By section 1584, article 5, chapter 30, Revised Statutes, 1889, in cities of the fourth class the offices of marshal and collector are made elective, while by section 1620, of the same article it is provided, that the mayor, with the advice and consent of the board of aldermen, shall have power to appoint a collector and such other officers as he may be authorized by ordinance to appoint. The marshal is required to give bond in the sum of $2,000 for the faithful discharge of his duties, while the collector is required to give bond in the sum of $4,000 for the faithful discharge of his duties. It thus appears by express provisions of the

statute the offices of marshal and collector in cities of the fourth class are separate and distinct.

The indictment nowhere alleges that the defendant was either elected or appointed to the office of collector or that as such he collected and embezzled the funds of the city, but does allege that as marshal and *ex officio* collector, he collected the funds, while no such office is known to the law.

Section 3555, Revised Statutes, 1889, under which the indictment was found, is as follows:

"If any officer, appointed or elected by virtue of the constitution of this state, or any law thereof, or any mortgagee, trustee, executor, administrator, curator, guardian, public administrator, public curator or public guardian, or any officer, agent or servant of incorporated cities and towns, or municipal townships or school districts, as of the state and counties thereof, or any officer or member of any benevolent, trade or religious organization, shall convert to his own use, in any manner whatever, or shall use by way of investment in any kind of property or merchandise, or shall make way with or secrete any portion of the public moneys, or any moneys that may have come to him or them by virtue of his or their office or official position, or by virtue of any trust reposed in him or them, or any valuable security by him received for safe keeping, disbursement, transfer, or for any other purpose, or which may be in his possession, or over which he may have the supervision, care or control by virtue of his office, agency or service, or under color or pretense thereof, every such officer, agent, servant, mortgagee, trustee, executor, administrator, curator, guardian, public administrators, public curators or public guardian, shall, upon conviction, be punished in the manner prescribed for stealing property of the kind or the

value of the articles so embezzled, converted, taken or secreted.''

It will be observed that the statute provides that if any officer, *appointed or elected* by virtue of the constitution of this state, or any law thereof, * * * or any officer, agent or servant, of incorporated cities and towns, shall convert to his own use, any money that may have come to him or them by virtue of his or their office or official position, shall upon conviction be punished in the manner prescribed for stealing of the kind or value of the articles embezzled, converted, taken or secreted. And as it is not alleged in the indictment that defendant as marshal collected the money and subsequently converted it to his own use, nor that he had been elected or appointed to the office of collector, and as such collector collected the money and thereafter converted it to his own use, but does allege that the defendant as marshal and *ex officio* collector collected and converted it to his own use we must hold the indictment insufficient. As defendant had no right to the possession or control of the city moneys as marshall and *ex officio* collector, he can not be prosecuted under indictment for embezzlement as such. *State v. Bolin*, 110 Mo. 209. The judgment is affirmed. All of this division concur.