## B. G. WARSWICK v. THE STATE.

### No. 872.   Decided April 29th, 1896.

1.   Indictment—Misapplication of County School Funds—County Judge.

An indictment based upon Art. 103, Penal Code, will not lie against a County Judge for a misapplication or conversion of county school funds; because, such funds cannot come into his hands by virtue of his office; and the law does not authorize a County Judge, as such officer, to receive county school moneys.   The law makes it the duty of the County Treasurer to receive all moneys belonging to the county.

2.   Same.

Where an indictment, for misapplication 'and conversion of county funds by a County Judge, alleges that a certain check, drawn by the State Treasurer, for funds belonging to his county, came into his hands by virtue of his office.   Held: The same charges no offense coming within the purview of the statute, because, the County Judge was not authorized to demand or to receive this check from the treasurer; and, when it was forwarded to the County Judge and received by him, it was not so received by virtue of any power or authority on his part to demand it, but he merely received it as a private individual, and not by virtue of his official capacity.

APPEAL from the District Court of Hale.   Tried below before Hon. W. R. McGILL.

This appeal is from a conviction for the misapplication and conversion of county funds by a County Judge; the punishment being assessed at two years' imprisonment in the penitentiary.

The indictment is set out in the opinion below.   A motion was made to quash the indictment, "because it charges that . defendant, by virtue of his office as County Judge of Dickens County, came into possession and control of said certificate of deposit; but does not aver that, by virtue of his said office, it was his duty as such officer, to receive said certificate; and whereas, said indictment charges defendant with no offense, because it was not his duty, as such officer, to receive said certificate of deposit."

This motion to quash was overruled.

No additional statement necessary.

*L. G. Wilson*, for appellant.—The court erred in overruling defendant's motion to quash the indictment.   State v. Bowlin, 19 S. W. Rep., 650.   It is the duty of the County Treasurer alone to receive county funds.   Rev. Stat., Arts. 994, 3725–3727.

*Mann Trice*, Assistant Attorney-General, for the State.

[No brief found with the record.—Reporter.]

HENDERSON, JUDGE.—Appellant was convicted of converting property, alleged to belong to Dickens County, to his own use, and given two years in the penitentiary, and from the judgment and sentence of the lower court he prosecutes this appeal.   A number of errors are assigned, but we will only notice such as are necessary to a proper disposition of this case.   The indictment charges, "that B. G. Warswick, on or about the 23d day of January, A. D. 1893, in the county and State aforesaid, was the County Judge of said Dickens County, Texas,

and as such officer, by virtue of said office, there had come into, and was then in his custody and possession one certificate of deposit on Jas. H. Raymond & Co., bankers, of Austin, Texas, payable to the order of B. G. Warswick, County Judge, for the sum of six hundred and fourteen dollars, of the value of six hundred and fourteen dollars; said certificate of deposit then and there being the property of Dickens County, Texas, which said certificate of deposit is to the tenor following: '$614.00. Jas. H. Raymond & Co., bankers, Austin, Texas, January 13th, 1893. W. B. Wortham, Tr., has deposited in this bank six hundred and fourteen dollars, payable to the order of B. G. Warswick, County Judge, on return of this certificate, properly indorsed. Jas. H. Raymond & Co. M. No. 4,912.' And the said B. G. Warswick did then and there unlawfully and fraudulently take and convert the same to his own use, against the peace and dignity of the State." Appellant made a motion to quash the indictment, for the reason, among other things, that said indictment charges no offense against the penal laws of the State of Texas. The motion was overruled, and appellant excepted, and now urges the same as error. This presents the question whether or not the County Judge of Dickens County virtute officii came into possession of the said deposit check. If by virtue of his office as County Judge the check in question came into his possession and custody, and he afterwards misapplied or converted it to his own use, then appellant was guilty of the misapplication or embezzlement of the said check. Art. 103, Willson's Crim. Stat. (being also Penal Code 1895, Art. 103), reads as follows: "If any officer of any county, city, or town, in this State, or any clerk or other person employed by such officer, shall fraudulently take, misapply or convert to his own use any money, property or other thing of value belonging to such county, city or town, that may have come into his custody or possession by virtue of his office or employment, or shall secrete the same with intent to take, misapply or convert it to his own use, or shall pay or deliver the same to any person knowing that he is not entitled to receive it, he shall be punished by confinement in the penitentiary for a term not less than two nor more than ten years." It will be noticed that the statute provides against the misapplication of money or property of the county that may have come into the custody or possession of the officer by virtue of his office, and the indictment in this case is responsive to the statute in this respect, and charges as required by it. We have examined the statutes relating to the duties of the County Judges, with reference to finances belonging to their respective counties, and relating to school moneys belonging to or apportioned to their counties. The statutes regulating the duties of County Judges when acting as superintendents of public schools ex officio are defined in Arts. 3929-3934a, inclusive, Rev. Civ. Stat., 1895. We find no statute authorizing him to act as fiscal agent, or receive money on general account for the county. He may be authorized to collect money due on account of county convicts, and perhaps fines due in cases in his court, and the articles above cited regulate

his duties as school superintendent, and do not constitute him the fiscal agent or custodian of the school moneys of the county. Art. 994, Sayles' Civ. Stat., (being Art. 926, Rev. Civ. Stat., 1895), makes it "the duty of the county treasurer to receive all moneys belonging to the county, from whatever source they may be derived, and to pay and apply the same as required by law, in such manner as the Commissioners' Court of his county may require and direct." Other articles in title 26, Rev. Civ. Stat., 1895, entitled "County Treasurer," define his powers and regulate his duties, and constitute him the financial agent and custodian of all the moneys belonging to his county. Arts. 3725-3732, inclusive, Rev. Civ. Stat., were the law in force at the time of the commission of the alleged offense in this case, and made the county treasurer the custodian of the public free school funds. These duties are now defined in Rev. Stat., 1895, Arts. 3935-3937, inclusive. Acts Twenty-first Legislature, p. 108, Chap. 95, provides for the leasing of certain school lands belonging to unorganized counties, situated in the counties of Hockley, Cochran, Bailey, Lamb, Andrews, Martin, Dawson, and Grimes, and requires that the proceeds of such lease shall be paid into the State treasury, and become a part of the available school fund of the State. Sec. 2 provides: "Whenever any county entitled to said lands shall be organized, the control of said lands belonging to such county shall vest in the Commissioners' Court of such county, and any lease money thereafter becoming due, shall be payable to such county, but all leases executed before such organization of the county shall be binding for the full term thereof." The office of County Judge is created by the Constitution of this State, and his duties are defined by the law, and we will look to the statutes in order to ascertain his power and duties with reference to the finances belonging to the county in which he may exercise his functions. If there is any statute authorizing him to demand and receive, in his official capacity, school moneys belonging to his county, it has escaped our observation; and the statutes heretofore cited defining and enumerating the duties and powers of the county treasurers of the respective counties would appear to exclude any authority on the part of the County Judge to act in such matters. We would not be understood as holding that the Commisssioners' Court might not empower the County Judge or any other person to receive money coming to the county for and on behalf of the county, but in such contingency the money or property would come to such person, not by virtue of his official capacity, but on account of his employment or agency. Such is not the contention here, but the indictment charges that the defendant came into possession of said check by virtue of his office as County Judge. As stated, we do not find that as such County Judge he was authorized to demand and receive this check from the treasurer of the State, and when it was forwarded to the County Judge, and received by him from the treasurer, it was not so received by virtue of any power or authority on his part to demand it, but he merely received it as a private individual, and not by virtue of his official capacity. This view would appear to

dispose of the case, but, inasmuch as no authority is shown on the part of the County Judge to receive and act as the custodian of any property or money coming to or belonging to the county for school purposes (and we understand this is the question raised by the motion to quash), going beyond this view, we know that the proof shows that the check in question was the proceeds of the lease of school lands belonging to Dickens County, and that the same was in the custody of W. B. Wortham, treasurer of the State of Texas, by virtue of the Act of 1889 (21st Leg.), before cited. That act, as before stated, vests control of said public school lands in the Commissioners' Court of the counties to which they belong, and provides that any lease money thereafter becoming due shall be payable to such county. It appears that this $614 was due the County of Dickens, and belonged to the school fund of said county; so that the laws regulating the disposition and custody of such school money would more directly apply in this case. As has been heretofore stated, the school fund of the respective counties is in the custody of the county treasurers thereof, who are by law made responsible for the same. This check or money legally appertains to his custody as an officer of the County of Dickens, and not to the County Judge; and when it was sent and delivered to the County Judge it cannot be said that it came into his custody by virtue of his office, and, not having come into his custody by virtue of his office as County Judge, the indictment against him for misapplying the same cannot be sustained. See, State v. Bolin (Mo.), 19 S. W. Rep., 650. It is not necessary to discuss other questions raised in the case, and the judgment is reversed, and the cause dismissed.

*Reversed and Dismissed.*