### SAM FRESHMAN V. THE STATE.

#### No. 936.  Decided February 10th, 1897.

**Local Option—Sale—Place of—Complete When.**

On a trial for violation of local option in R. County, where it appeared that the purchaser in R. County, gave an order for the liquor to be sent from Dallas County, the same to be paid for C. O. D. in R. County, and the purchaser received the same and paid the price of the liquor and expressage in R. County. Held: That where there was no special contract between the parties, but a mere order by the purchaser to the seller to ship the liquor C. O. D., the sale was complete in Dallas County, the point of shipment. Following, Bruce v. State, 36 Tex. Crim. Rep., 53.

APPEAL from the County Court of Rockwall. Tried below before Hon. I. J. AUSTIN, County Judge.

Appeal from a conviction for violation of local option; penalty, a fine of $50, and twenty days' imprisonment in the county jail.

The opinion states the case.

No brief for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.—The proof in substance shows that at the time of the sale in question, local option was in force in Rockwall County; that appellant was a liquor dealer in the city of Dallas, and that a person representing himself to be the agent of the appellant solicited and obtained orders for intoxicating liquors to be shipped C. O. D. While there is no express proof that the person soliciting the orders was the agent of the appellant, it is clearly shown that the shipments were made by appellant from Dallas, C. O. D., to the persons ordering the same in Rockwall County. They received the goods, and paid the money therefor, to the express company. This is sufficient ratification of the acts of the person taking the orders to constitute the appellant a principal. It is not necessary that appellant should have been actually present in Rockwall County at the time of the commission of the offense. If he authorized the agent to make the sale and, as in this case, afterwards ratified the same, he becomes the principal, and can be punished as such. This is well settled. See, Carlisle v. State, 31 Tex. Crim. Rep., 537.

DAVIDSON, JUDGE.—Appellant was convicted of violating the local option law, alleged to be in force in precinct No. 1 in Rockwall County, and his punishment assessed at a fine of $50, and imprisonment

in the county jail for twenty days. The testimony shows that a stranger approached Roe Parker, J. B. Carter, and J. M. Barrett, who were working at a gin in said precinct, about the 28th of November, 1894, and took their order for a gallon of whiskey, for which they agreed to pay him $3. He represented to them that he was the agent of the appellant. They agreed to buy the whiskey and pay for it C. O. D., and that it should be sent to Rockwall from Dallas, where Freshman lived, consigned to J. B. Carter. It was agreed between the parties that the purchasers should pay the express charges. On the 1st of December the jug was taken out of the express office at Rockwall, consigned to J. B. Carter, for which $3.40 was paid—$3 for the purchase price, and 40 cents express charges. Carter, Barrett, and Parker drank the whiskey. These parties never saw the appellant until after the institution of this prosecution. Parker testified that they never bought any whiskey from Sam Freshman. There is quite a lot of testimony in the record by which it was sought to connect appellant with the shipment of that whiskey from Dallas to the consignee, Carter. There are other facts admitted, to which exceptions were taken by bills of exception on the part of appellant, some of which, we are of opinion, should have been excluded; but, under the view taken in this case, it is not necessary to discuss those questions. There is no question that the goods were shipped by somebody from Dallas to Rockwall to the consignee, Carter, and the express books show that it was shipped in the name of Sam Freshman. If it be conceded that the stranger who took the order was Freshman's agent, and it be further conceded that Freshman filled the order and expressed the liquor on the terms agreed upon, which was a C. O. D. shipment, the purchaser to pay the express charges, then the question arises whether it was a sale in Dallas, the point of shipment, or at Rockwall, the place of consignment. This question was discussed at some length in the case of Bruce v. State, 36 Tex. Crim. Rep., 53. That case is authority for holding that where there was no special contract between the parties, but a mere order by a purchaser to a seller to ship intoxicating liquors or goods C. O. D., the sale is complete at the point of shipment. The fact that, according to the terms of the contract, the purchaser should pay the transportation from the point of shipment to the point of destination, adds force to the proposition that the sale is a completed one at the point of delivery to the common carrier, which in this case would be Dallas. The weight of authority seems to hold that when goods, such as liquors, are ordered to be shipped from one point to a buyer at another, C. O. D., by common carrier, the sale is complete at the point of shipment. See Bruce v. State, supra, for collated authorities. In Bruce's case the question now under discussion was thoroughly and elaborately discussed, and, upon a review of the same, we believe it lays down the correct doctrine; and, under the authority of that case, this judgment is reversed and the cause remanded.

*Reversed and Remanded.*