### JIM PARKER v. THE STATE.

#### No. 1346.   Decided March 15, 1905.

**1.—Local Option—Sale—C. O. D. Shipment.**

Where the contract of sale is C. O. D. with no contingencies voiding the sale at that point and no stipulations by which the sale is otherwise than an ordinary C. O. D. transaction, the sale is at the point of shipment.

**2.—Same—Sale—Point of Shipment.**

Where an order for whisky was solicited by defendant in K. County, where prohibition was in force, and the order was transmitted by him to his principals in D. County and accepted by them, and the whisky shipped C. O. D. per express to the party ordering the same in K. County, who received and paid for the whisky together with express charges on same and the charge of express company for collecting and returning the money so paid to defendant's principals in D. County, the sale was in D. County and defendant could not be prosecuted for a violation of the local option law in K. County.

Appeal from the County Court of Kaufman. Tried below before Hon. H. M. Cosnahan.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*Muse & Allen,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Conviction for violating the local option law. Appellant was a resident of the city of Dallas, and was the employee and agent of Maddox & Starke, wholesale and retail liquor dealers in the city of Dallas. As such agent, Parker solicited Bob Russell, at Forney, Kaufman County, to purchase whisky from said firm; that Russell gave him a C. O. D. order for whisky, to be transmitted by Maddox & Starke, the order subject to their acceptance, and in case of their acceptance, the whisky should be shipped to Russell by that firm C. O. D. The order was taken in Kaufman County, and transmitted

to his principal, in Dallas, who accepted the order and shipped the goods C. O. D. The express company received the whisky at Dallas, as such common carrier, under the C. O. D. shipment, and transported the same on its express line from Dallas to Forney, Kaufman County, where Bob Russell, the consignee, received and paid for the goods; and the 25 cents express charges for transporting the goods, and 15 cents to the express company for the collection and return of the money to Maddox & Starke. That this was in accordance with the contract and order given by said Russell to appellant for the whisky charged in the indictment to have been sold said Russell. It was agreed that these were the facts upon which the State predicated the prosecution; and they are admitted to be true, and that it was a C. O. D. sale, under delivery and shipment at Dallas to Russell at Forney, under the contract above set out.

The contention is that this was a sale at Dallas, and not at Forney in Kaufman County. The proposition upon which the case is submitted is, that as the undisputed facts show a C. O. D. sale of whisky with delivery and shipment in Dallas, solicited in Kaufman County, where local option was in force, was not a violation of the law. In support of this, see James v. State, 78 S. W. Rep., 951; Scales v. State, 81 S. W. Rep., 947; Bruce v. State, 36 Texas Crim. Rep., 53; Caldwell v. North Car., 187 U. S., 622, are relied upon as authorities. The authorities support appellant's contention. The point is well taken. Where the contract of sale is C. O. D., with no contingencies voiding the sale at that point—no stipulations by which the sale is otherwise than an ordinary C. O. D. transaction, the sale is at the point of shipment. In addition to the authorities above cited, see Freshman v. State, 37 Texas Crim. Rep., 126; Weathered v. State, 1 Texas Ct. Rep., 655; Treadaway v. State, 42 Texas Crim. Rep., 466; Davidson v. State, 44 Texas Crim. Rep., 586; Bills v. State, 3 Texas Ct. Rep., 227; Kirby v. State, 80 S. W. Rep., 1007; Sedgwick v. State, decided at the present term.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Henderson, Judge, absent.