### R. B. Dickey v. The State.

No. 1306.   Decided February 21, 1912.

**1.—Embezzlement—Public Funds—Official Duty—Conversion—Statutes Construed.**

Under article 103, White's Penal Code, the officers therein mentioned can only be charged with the duty of handling property of the city which comes into their possession by virtue of their office, and where such officer is prosecuted for the fraudulent conversion of such funds to his own use, the indictment must show that the funds came into his possession by virtue of his office. Following Hartnett v. State, 56 Texas Crim. Rep., 281, and other cases.

**2.—Same—Case Stated—City Warrant—City Charter and Ordinances.**

Where the defendant was charged as secretary of an incorporated city with the embezzlement of the city warrant, and was not, by the charter, ordinance, or order of the city council charged with the duty of receiving, paying out or handling the city funds, and that such was not the scope of his official duty he could not be held guilty under a charge of embezzlement, misapplication or conversion of such property.

**3.—Same—Conversion—Illegal Credit—Adverse Holding.**

Where defendant was prosecuted for embezzling a city warrant and was not charged with illegally crediting this warrant to the wrong fund, or with having used funds properly belonging to the other fund, the fact that he deposited said warrant to the city's credit to cover up a pre-existing shortage of some other fund would not sustain the prosecution; besides, a conversion under the charge of embezzlement must show that the owner was deprived of the property alleged to have been embezzled by an adverse holding.

**4.—Same—Conversion—Embezzlement—Official Duty.**

Where defendant was charged, that as secretary of an incorporated city, he fraudulently misapplied and converted a certain city warrant, it was necessary to prove, to sustain a conviction, that defendant was charged with the official duty of receiving said warrant and that it was this particular warrant that was misapplied or converted; and he could not be convicted under such indictment because he had credited said warrant to the wrong fund to cover up some prior defalcation.

**5.—Same—Insufficiency of the Evidence.**

Where defendant was indicted as city secretary for the fraudulent conversion of a city warrant, and the evidence showed that the alleged warrant was void; that it was not defendant's duty to receive the city funds and pay them out; that the city received credit for the full face value of the warrant, the conviction could not be sustained, although the warrant was credited to the wrong fund.

**6.—Same—Indictment—Seal—City Council.**

Where, upon trial of embezzlement of a city warrant by defendant as secretary of a city, the indictment did not allege, as required under the charter, that the said warrant was under seal and that it was drawn by order of the city council, the indictment was defective.

**7.—Same—Evidence—Other Transactions—Hearsay.**

Where defendant was indicted for the fraudulent misapplication of a city

warrant, testimony that defendant had diverted other funds or money from different funds belonging to the city could not justify a conviction under the indictment, and is, therefore, inadmissible; besides, much of said testimony was hearsay and inadmissible.

Appeal from the District Court of McLennan. Tried below before the Hon. Richard I. Munroe.

Appeal from a conviction of fraudulent misapplication and conversion of a city warrant; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Scott, Sanford & Ross* and *J. N. Gallagher* and *Z. I. Harlan,* for appellant.—In order to sustain a conviction of a city officer under article 103, Penal Code, the evidence must show that the money or property appropriated was public funds or property, owned by the city, and such funds or property must have come into the possession of the officer by virtue of his office, and his duties to receive the same "must be defined by law and can not be created by custom or usage." Hartnett v. State, 56 Texas Crim. Rep., 281, 119 S. W. Rep., 855; Warswick v. State, 26 Texas Crim. Rep., 613, 35 S. W. Rep., 386; State v. Bolin (Mo.), 19 S. W. Rep., 650; Moore v. State, 53 Neb., 831; Henderson Co. v. Richardson, 15 Texas Crim. App., 669, 40 S. W. Rep., 38; Rice v. Vasmer, 51 Texas Civ. App., 167, 110 S. W. Rep., 1005; San Louis Obispo Co. v. Farnum, 108 Cal., 562.

A city official is not guilty of the embezzlement or fraudulent conversion of a city warrant which has come into his possession, where he takes the identical warrant to the city treasury and deposits same to the city's credit, even though the deposit is made to cover up a pre-existing shortage on his part with the funds to which he makes such deposit. Com. v. Este, 140 Mass., 279; 10 Am. & Eng. Ency. Law (2d ed.), 994; 15 Cyc., 496.

A verdict of guilty in a criminal case which, on the facts, is contrary to the court's charge should be set aside. Code Crim. Proc., art. 714; Code Crim. Proc., art. 817, sec. 9; Aycock v. State, 2 Texas Crim. App., 380.

It is essential to the validity of a city check or warrant drawn on the treasurer or treasury that the requirements of the charter concerning the issuance and form of the same shall be complied with. Minor v. Loggins, 37 S. W. Rep., 1086; Raymond v. People, 30 Pac. Rep., 504; Travelers Ins. Co. v. City of Denver, 18 Pac. Rep., 556; Shipman v. Forbes, 32 Pac. Rep., 599; Smeltzer v. White, 92 U. S. Rep., 390; 1 Abbott Municipal Corp., 528.

The charter having provided that all orders upon the city treasurer for the payment of money should be under the seal of the corporation, the impress of the seal of the city of Waco upon the check or warrant in question was essential to the regularity and validity of the same, and a material and essential part of the same. Smeltzer

v. White, 92 U. S. Rep., 390; 21 Am. & Eng. Ency. Law (2d ed.), p. 19.

The indictment in this case failing to show or allege in any count and particularly in the third count thereof, that the check or warrant attempted to be described therein was under the seal of the city of Waco, and the check or warrant offered and admitted in evidence showing on its face the impress of such seal, plainly visible, there was a material and fatal variance between the allegations in the indictment and the evidence offered, and said check or warrant should have been excluded. Ex parte Rogers, 10 Texas Crim. App., 655; Feeney v. State, 58 Texas Crim. Rep., 152, 124 S. W. Rep., 944; Robinson v. State, 43 S. W. Rep., 526; Overly v. State, 31 S. W. Rep., 377.

An auditor's report, including matters other than a statement of the account between the parties is not competent evidence. Bartlett v. Trefethen, 14 N. H., 427; 34 Cyc., 855, note 47; 11 Ency. Ev., 33; Barkley v. Tarrant County, 53 Texas, 251.

The conclusions and declarations against defendant in the reports of the Morgan Audit Company to the city council formed no legitimate part of an audit of defendant's accounts with the city of Waco, were an invasion of the province of the jury, and being highly prejudicial to defendant, their admission in evidence over his objections is reversible error. Revised Statutes, article 1494; 34 Cyc., 812, 813; Parcher v. Dunbar, 118 Wis., 401; Best v. Pike, 93 Wis., 408.

A witness may testify to facts, but what those facts establish is for the jury, and evidence of the witness, even though an expert, as to what they establish is an invasion of the province of the jury and inadmissible, and what is not admissible as evidence from an expert as a witness is not rendered admissible by the fact that it is in writing and forms part of some written report of the expert witness. Pettaway v. State, 35 S. W. Rep., 646; McKnight v. State, 6 Texas Crim. App., 158; Bryan v. State, 49 Texas Crim. Rep., 196, 91 S. W. Rep., 580; Cook v. United States, 138 U. S., 157.

The witness Morgan made the auditor's report. His evidence showed that many of the items entering into his audit and report were obtained, not from records or books kept by defendant or under his control, but from private interviews with different persons, all in the absence of defendant, by ex parte affidavits, and others which were reported to him by his assistants and the correctness of which he did not personally investigate, said report to the extent of such items was second-hand hearsay, and such items in the report not being identified and excluded rendered the entire report inadmissible because hearsay. Hunt v. State, 9 Texas Crim. App., 166; Cooper v. State, 23 Texas, 331; 16 Cyc., 1196.

An auditor has no authority in making a private, extra judicial audit of account between two parties, to hear evidence and include in his report matters not shown by the books and records kept by the party to be charged, and the audit on which the reports admitted in

evidence was based being private and extra judicial, embracing matters which were shown to have been established by independent investigations of the auditor, by ex parte affidavits, letters and otherwise than by the books and records of accounts between the city of Waco and defendant was inadmissible. Revised Statutes, art. 1494; 17 Ency. Plead. & Prac., 1017, sec. b; Best v. Pike, 93 Wis., 408.

No one can be bound by the results of an investigation to which he was not a party, and the undisputed evidence showing that defendant was not a party to the investigation and audit of the Morgan Audit Company, neither the result, findings or report of that audit were admissible as evidence against him. Monk v. State, 27 Texas Crim. App., 450; Jump v. State, 27 Texas Crim. App., 459.

It is error to admit evidence against a defendant in a criminal case which is not given under oath. The auditor's reports were not sworn to and their admission in evidence was a permitting of evidence to go to the jury against defendant which was not given under oath, and it was error to admit said report and to overrule defendant's motion to exclude it. Bell v. State, 2 Texas Crim. App., 215; Chumley v. State, 20 Texas Crim. App., 547; Hunt v. State, 9 Texas Crim. App., 166, and authorities cited.

The court erred in admitting in evidence over the objections of the defendant the testimony of and concerning various transactions other than the one described and referred to in the bill of indictment in this cause. Smith v. State, 52 Texas Crim. Rep., 80, 105 S. W. Rep., 501; Nunn v. State, 60 Texas Crim. Rep., 86, 131 S. W. Rep., 320; Denton v. State, 60 S. W. Rep., 671; Lane v. State, 49 Texas Crim. Rep., 335, 92 S. W. Rep., 839; Gardner v. State, 55 Texas Crim. Rep., 394, 117 S. W. Rep., 148.

It is reversible error to admit hearsay evidence in a criminal case where its effect is hurtful to defendant. McGlasson v. State, 43 S. W. Rep., 93; Reeves v. State, 7 Texas Crim. App., 278; Stallings v. State, 63 S. W. Rep., 127; State v. Steele (Mo.), 126 S. W. Rep., 406.

1. The indictment having in each and every count alleged that appellant received and came into possession of the property and moneys alleged to have been embezzled and misappropriated by virtue of his office of city secretary, it was necessary for the State to prove such allegation by competent evidence.

2. Proof of such allegation could be made only by law, ordinance, resolution or order of the city council.

3. Proof of such allegation could not be made by parol proof of custom or usage.

4. The testimony of the witness Baker that appellant was in the habit as city secretary, of receiving money of the city of Waco, was a conclusion of the witness and incompetent as evidence. Hartnett v. State, 56 Texas Crim. Rep., 281, 119 S. W. Rep., 855; Warswick v. State, 26 Texas Crim. Rep., 613, 35 S. W. Rep., 386; Poole v. Burnett Co., 76 S. W. Rep., 425; Rice v. Vasmer, 51 Texas Crim.

App., 167, 110 S. W. Rep., 1005; Commonwealth v. Alexander, 112 S. W. Rep., 586; Moore v. State, 74 N. W. Rep., 319; San Louis Obispo Co. v. Farnum, 41 Pac. Rep., 447; State v. Bolin, 19 S. W. Rep., 650.

To bring an official within the provisions of article 103, Penal Code, his official duty to receive and handle the public property which he is charged with the misapplication and conversion of must be express authority, defined and imposed by law, implied authority arising from the fact that he had been performing those duties for a number of years not being sufficient. Hartnett v. State, 56 Texas Crim. Rep., 281, 119 S. W. Rep., 855; Warswick v. State, 26 Texas Crim. Rep., 613, 35 S. W. Rep., 386; State v. Bolin, 19 S. W. Rep., 650; Moore v. State, 74 N. W. Rep., 319.

Appellant was not guilty of the fraudulent misappropriation of the check or warrant in question if he took the same to the city treasury and deposited the same to the credit of the city, even though his purpose in making such deposit might have been to cover up a preexisting shortage in the funds to which such deposit is credited. Com. v. Este, 140 Mass., 279; 10 Am. & Eng. Ency. Law (2d ed.), p. 994; 15 Cyc., p. 496.

*C. E. Lane*, Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—This record is voluminous both in volume and questions suggested for revision. The indictment contained five counts. Appellant was convicted under the third, which is as follows:

"And the grand jurors aforesaid, upon their oath aforesaid do further present in and to the court aforesaid that in said State and county R. B. Dickey was then and there an officer, to wit, secretary of an incorporated institution, to wit, the city of Waco, which was then and there an incorporated city in said county and State, and as such officer and by virtue of said office there had come into his hands and was in his charge, custody and possession, a written instrument of the tenor following:

No. 43.                                Waco, Texas, Mar. 29, 1909.
L. B. Black,
    Treasurer City of Waco.
Pay to the order of R. B. Dickey, City Sec'y..............$314.25
Three Hundred fourteen & 25/100                          Dollars
From First Series Sanitary Sewer Bonds Skg. Fund.
Account of Pay Roll and Estimate San Sewer Extensions.
Attest:                                     The City of Waco,
    R. B. Dickey,                           Jas. B. Baker, Mayor.
        City Secretary.
    Endorsed on back:
    R. B. Dickey, City Secy.

which said written instrument was a valid, legal and valuable obligation then and there of the value of three hundred and fourteen dollars and twenty-five cents, and which said written instrument was then and there the property of said incorporated institution and the said R. B. Dickey did then and there unlawfully and fraudulently take, misapply and convert the same to his own use."

A discussion of this appeal will be confined to this count. The city charter created, among other things, the office of city secretary, and defined his duties to be substantially: (1) to attend the meetings of the city council and keep accurate minutes of the proceedings thereof in a book to be provided for that purpose; (2) to engross and enroll all laws, resolutions and ordinances of the city council; (3) to keep its corporate seal; (4) to take charge of, preserve and keep in order all the books, recorded papers, documents and files of said council; (5) to countersign all commissions issued to the city officers and licenses issued by the mayor, and to keep record thereof; (6) to make out all notices required under any regulation or ordinance of the city; (7) to draw all warrants on the treasurer and countersign the same and keep an accurate account thereof in a book provided for the purpose; (8) he was also made the general accountant of the corporation and required to keep in books regular accounts of the receipts and disbursements for the city, and, separately, under proper heads, each cause of receipts and disbursements, and also an account with each person, including officers, who had money transactions with the city, crediting the amounts allowed by proper authority, and specifying the particular transaction to which interest applied; (9) to keep a register of bonds and bills issued by the city, all evidences of debts due and payable to it, noting particulars thereof, and all facts connected therewith, as they occurred; (10) to keep all contracts made by the city council; (11) to do and perform all such other duties as might be required of him by law, ordinance, resolution or order of the city council; (12) and he was also made ex-officio clerk of the police court, and, as such, was given power to administer oaths, take affidavits, issue warrants, subpoenas and other process. It might be further stated that there were no orders of the mayor or city council imposing other needful or reasonable duties upon the city secretary that pertained to his office. The only resolution or action of the city council relating to or defining the duties of this officer was one adopting the report of a special committee which declared that the office was one of record only and prohibiting the secretary, and this by his own request, from collecting any funds belonging to the city, and imposing that duty upon the collector. The charter of the city of Waco is an Act of the Legislature, and, among other things, it is provided as follows in said charter: "This Act shall have force and effect of a public Act, and the courts shall take notice thereof in all proceedings without further proof." There was also created a city treasurer, and

bond was required of this officer, and it was made his duty to receive and keep all moneys belonging to the city. Provision was also made for the payment by him from the same upon the order of the mayor, attested by the secretary under the seal of the corporation, of any of its debts, and he is prohibited from paying any order unless said order shall show on its face that the city council has directed its issuance, and further shows for what purpose it was issued.

1. It is contended, first, that the order alleged in the indictment is invalid, in that it is not charged in the indictment to have been under seal as required by the charter; second, that it having been brought under article 103 of White's Penal Code, the evidence must show that the money or property was public funds or property owned by the city, and such funds or property must have come into the possession of the officer by virtue of his office and his duties to receive the same must be defined by law and can not be created by custom or usage; third, that a city official is not guilty of embezzlement or fraudulent conversion of a city warrant which has come into his possession where he takes the identical warrant to the city treasurer and deposits same to the city's credit, even though the deposit is made to cover up a preexisting shortage on his part with the funds with which he makes such deposit; fourth, a verdict of guilty in a criminal case which, on the facts, is contrary to the court's charge should be set aside. Without discussing same, it may be stated that under the charter the city secretary is not charged with the duty of receiving, paying out or handling the said funds, and if he did so, that it was not within the scope of his official duty, and he would not and could not become responsible under a charge of embezzlement, misapplication or conversion of the property of the city simply because he may have collected and handled funds of the city or paid off its debts with the funds. It is clearly to be observed under the terms of article 103, supra, that the officers therein mentioned can only be charged with the duty of handling property of the city which comes into his possession by virtue of his office, and where it is sought to prosecute for the fraudulent conversion of such funds to his own use, the indictment must show that the funds came into his possession by virtue of his office. If the property does not so come into his possession, or if he is not authorized by the terms of his office to receive the property, then he can not be convicted under this statute. Hartnett v. State, 56 Texas Crim. Rep., 281; Warswick v. State, 36 Texas Crim. Rep., 63; State v. Bolin, 19 S. W. Rep., 650; Moore v. State, 53 Neb., 831; Henderson Co. v. Richardson, 15 Texas Crim. App., 699, 40 S. W., 38; Rice v. Vasmer, 51 Texas Crim. App., 167, 110 S. W. Rep., 1005, 23 L. R. A. (N. S.), 761; United States v. Smith, 124 U. S., 525; State v. Newton, 26 Ohio St., 265; United States v. Hutchinson, 4 Clark (Pa.), 211; Sheriick v. State, 167 Ind., 345, 108 Cal., 562; Com. v. Alexander, 112 S. W. Rep., 586;

State v. Meyers, 56 Ohio St., 340; Reg. v. Orman, 36 Eng. L. & Eq., 611.

It would follow, therefore, if appellant under his duty as city secretary was not charged with receiving the warrant in question, or was charged with handling it by virtue of his official position, that if he converted it, it could not be embezzlement. It is unnecessary to go into a statement of the facts further than above stated, to wit, that appellant was not charged with such duties, but that the city ·treasurer was. The duty of handling the funds and making payments devolved by the terms of the charter upon the treasurer and not upon the city secretary.

2. It is also contended under the law and facts that appellant could not be guilty because he was not charged with receiving or paying out the funds of said city, or in any manner authorized to handle, receive or have same in his official custody. From what has been said above it is clear that this proposition of law is with the appellant. To meet this, it was the theory of the State that while appellant may have taken and did take the warrant in question to the bank and deposit it there to the city's credit, yet this was done to cover up preexisting shortage on his part of some other fund, and that the deposit of the warrant was for the purpose of covering up that defalcation, and by this means he converted this warrant to his own use. In other words, that he had used funds belonging to some other particular fund than that to which this warrant was credited, and that this warrant was credited to the other fund in order to cover up that defalcation, and that, therefore, the State would be justified in asking a conviction upon that theory. This is not correct, nor is it the law. He was not charged with illegally crediting this warrant to the wrong fund or with having used funds properly belonging to the other fund, but was charged only with misapplying and converting this particular warrant. But even had he done this, still the State could not ·claim a conviction of embezzlement of this warrant, even if it was legally in his possession by virtue of his office; it could not be embezzled by him by placing it to the credit of another city fund, even to cover up a defalcation in the other fund. In order "to constitute a conversion so as to make it a case of embezzlement the owner must be deprived of his property or money by an adverse using or holding." 10 Am. & Eng. Ency. of Law, p. 994. Again it is said: "As in the case of other servants or agents, a conversion is necessary to constitute the offense of embezzlement by a public officer or employee, that is, it is essential that the owner should be deprived of the property embezzled by an adverse holding or use." This quotation will be found on page 496 of 15 Cyc. See also cases cited in note 19 on same page. This question was before the Supreme Court in the case of Com. v. Este, 140 Mass., 279, the opinion having been delivered by Justice Holmes, who is now a member of the Supreme Court of the United States.

The quotation is as follows: "The fact that the payment was a means of embezzling other money in the future, or covered up an embezzlement of other money in the past, would not make it an embezzlement of the money paid. Neither would the fact that he represented it to the town (not to the payee) as the payment of other town money, that is, as a payment from his balance on hand and not from the notes. The embezzlement retains so much of the character of larceny that it is essential to the commission of the crime that the owner should be deprived of the property embezzled by an adverse holding or use." This contention of the State is predicated only upon the theory or the fact that the warrant was received by the city by having been placed to the city's credit on account at the bank on the wrong fund. Upon this basis or theory, conceding its correctness, the appellant could not be convicted, and the State conceded away its case, and all rulings of the court either in the charges or in the admission of testimony during the trial of this case, predicated upon this phase, are necessarily erroneous. We make this general statement here because we deem it unnecessary to take up those various questions. Many of them are presented for revision by bills of exception and objections to the charge. In order to secure a conviction in this case the city must prove that appellant was charged with the official duty of receiving the warrant, and that it was this particular warrant that was misapplied or converted. As before stated, the conviction could not be predicated upon the fact, if it was a fact, that appellant had credited it to the wrong fund to cover up some prior defalcation. The accused can only be convicted of embezzlement of the fund charged to have been embezzled as set forth in the indictment. The statute does not authorize, nor can it be construed by intendment to cover any other misapplication of funds or warrants except that set forth in the indictment. The misappropriation or misapplication or embezzlement must be proved as it is alleged. In this connection it may be well enough to state that the facts show that this warrant and quite a lot of others were carried by appellant to the bank on the evening of the 29th of March, 1909, evidently after banking hours. The evidence shows that these matters were carried forward in the bank books of date March 30, or the day following the deposit at the bank, and among other items in the bank books was the particular warrant set forth in the indictment. This warrant was credited to the account of the city.

3. In regard to the contention of appellant that the evidence is not sufficient to justify this conviction, we think perhaps we have said enough in the previous portion of the opinion to indicate that the State failed in its proof. This question has been fully discussed in Warswick v. State, and in Hartnett v. State, supra, and the propositions there are so clearly laid down that we deem it unnecessary to say more than this, they apply with equal cogency to the facts and law of this case. The evidence is insufficient, first, because the war-

rant was void in that it does not show on its face that it was ordered by the city council; second, it was not appellant's duty to receive the said funds and pay them out and, therefore, it was not within the scope of his duty to receive this warrant; third, the city received credit on the bank books for the full face value of the warrant; fourth, appellant could not embezzle the identical funds set out in the warrant or the warrant itself when the city had gotten full credit for its face value on the bank books, although it was credited to the wrong fund.

4.   One other question we will mention.   The indictment is not sufficient in that it does not allege in any way that the instrument was under seal as required by the charter, nor does it set out in the face of the warrant that it was drawn by order of the city council. In order to constitute a valid indictment for this offense under the terms of the charter, ·these matters should have been alleged, and the instrument itself should have contained these necessary requisites. The city charter contains this provision, article 80: "The city treasurer shall receive and securely keep all moneys belonging to the city, and shall make all payments for the same upon the order of the mayor, attested by the secretary, under the seal of the corporation, provided that no order shall be paid unless the said order shall show upon its face that the city council has directed its issuance, and show for what purpose it was issued." Article 100 of said charter thus provides: "It shall be the duty of the city treasurer to receive and securely keep all moneys belonging to the city, and shall make all payments for the same upon the order of the mayor, attested by the city secretary, under the seal of the city, provided that no order shall be paid unless the said order shall show upon its face that the city council has directed its issuance, and show for what it was issued." An inspection of the instrument set out in the indictment will show that it did not contain that part of the proviso, to wit: the order shall show upon its face that the city council has directed its·issuance.   Nor does the indictment anywhere show that the instrument was under seal.

5.   There are some eighteen or twenty bills of exception found in the record.   They have been prepared with great care and caution, and show marked ability in their preparation.   So that the questions intended to be presented to this court are carefully and critically reserved.   After what has been said it is not deemed necessary to go into a discussion of them.   Many of the bills show fatal error. In a general way it may be said that they were reserved largely to the introduction of a vast amount of evidence from different witnesses in regard to many transactions that ought not to have been in this record.   There was an auditor's report covering thousands of dollars in all sizes, or items from a few cents up to several thousand dollars, which report covers ten years of time, practically all of it anterior to the transaction set forth in the indictment.   Some

of these items were gathered from one book, some from another, some from one source, and some from other sources, and in fact from all sorts of imaginable sources. Much of it was hearsay, and from conversations with people when it was found the books were silent about these transactions, all of which were introduced against appellant and over his objection. We are led to believe that the State sought this testimony and the court admitted it upon the theory that if appellant had diverted other funds or money from different funds belonging to the city, that that would form a sufficient predicate to justify the conviction as a misapplication of this particular fund by crediting this particular warrant to the wrong fund instead of the fund to which it really belonged. We have said enough heretofore to indicate that was error. This testimony, therefore, was inadmissible. Under no aspect of this record, or from any theory advanced or contended for by the State could these private conversations and matters of that sort, purely hearsay in their nature and based alone upon the memory of people, be used against appellant. Appellant either did or did not misapply or convert this warrant, even if he was charged under the law with receiving it. He was not charged in this indictment with other misappropriations, but was only charged with misappropriation of this particular item. Had appellant appropriated this particular warrant to his own use and thus embezzled the city fund, and upon a trial claimed honesty of purpose and intent in the matter, then perhaps his manner and means of using other portions of the city's funds might be brought into the case for the purpose of showing intent and system. But the case is not presented in this attitude, even if he could be held to have been officially responsible for receiving the warrant.

It is not deemed necessary to notice the errors in the other bills of exception under the disposition made of the case.

For the reasons indicated the judgment is reversed and the cause is dismissed.

*Reversed and dismissed.*

Prendergast, Judge, absent.