### DICK CRAFT V. THE STATE.

#### No. 1784. Decided May 15, 1912.

#### Rehearing denied June 5, 1912.

**1.—Occupation—Soliciting Orders—Intoxicating Liquors—Local Option—Constitutional Law.**

Where the constitutionality of the legislative Act, punishing the taking of orders for intoxicating liquors without license, etc., has been sustained in former decisions of this court, said question will not be further considered. Following Edmanson v. State, 64 Texas Crim. Rep., 413.

**2.—Same—Sufficiency of the Evidence.**

Where, upon trial of pursuing the occupation of selling and offering for sale by taking orders therefor intoxicating liquors, without license in local option territory, the evidence sustained the conviction there was no error.

**3.—Same—Constitutional Law—Interstate Commerce.**

The legislative Act making it unlawful to engage in, pursue and follow the occupation and business of selling and offering for sale, by taking orders therefor, intoxicating liquors, without license is not violative of the Federal Constitution and is not an interference with interstate commerce.

**4.—Same—Sale—Meaning of Terms——Judicial Construction.**

The contention of appellant that this becomes a sale in the prohibited territory and that said legislative Act is therefore void is not sound, as the sale in such instance takes place at the point of shipping where the order is filled, and not where the order is taken, and the Legislature in using the word sale did so with the knowledge of the meaning this court has placed thereon.

Appeal from the County Court of Hays. Tried below before the Hon. J. B. Wilson.

Appeal from a conviction of pursuing the occupation of taking orders for intoxicating liquors in local option territory without license; penalty, a fine of $4,000, and ninety days confinement in the county jail.

The opinion states the case.

*B. G. Neighbors,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Hays County has adopted and is under the provisions of our laws prohibiting the sale of intoxicating liquors. After making the other necessary allegations in the information, it charged appellant "on or about the 5th day of August, 1911, did unlawfully engage in, pursue and follow the occupation and business of selling and offering for sale, by taking orders therefor, intoxicating liquors, without having obtained a license to follow such business and occupation. He was tried and convicted, and his punishment assessed at a fine of $4,000 and imprisonment in the county jail for ninety days.

The evidence of the sheriff and others would show that on or about

the date alleged in the information and for a long period of time prior thereto, appellant three or four times a week would make trips to Hunter in a buggy and bring back from fifteen to twenty quarts of whisky and deliver it to those who had given him orders therefor. One witness says that he had given defendant orders a number of times; that he usually paid him $1.50 for the whisky and would pay ten cents extra for bringing it to him. The sheriff further testified that appellant engaged in no other character of work for livelihood, but was engaged wholly in this character of business—hauling whisky from Hunter, a wet precinct, to San Marcos, in dry territory, a distance of eight miles. It was further proven that appellant had no license to follow this occupation or business.

It will be thus seen that the testimony was ample to support the verdict, if the law under which he was prosecuted is a valid law. The same contentions, as to the constitutionality of this act, are made in this case as were made in the case of Edmanson v. State, 64 Texas Crim. Rep., 413, 142 S. W. Rep., 887, in which case the various grounds are fully discussed, and we merely refer to that decision, without again discussing that question at length.

The contention that the law is violative of the Federal Constitution in that it is an interference with interstate commerce, is held adversely to appellant by the United States Supreme Court in the case of Delamater v. South Dakota, 205 U. S., 96 (51 Law Ed., 727), that court holding that since the passage of what is known as the Wilson bill the different States may pass laws prohibiting orders for interstate shipments of intoxicating liquors in territory where the sale has been prohibited.

The contention of appellant that this becomes a sale in the prohibited territory and the Act is therefore void, is not sound. This court, in an unbroken line of authorities, has held that the actual sale takes place at the point of shipment (where the order is filled) and not where the order is taken. The Legislature in using the phrase it did, did so with the knowledge of what meaning this court had placed on those words. In every instance where a person had taken an order for liquors, it has been held that the actual sale took place at the point of shipment, and that the person to whom the order was addressed and who shipped the goods was the person making the sale, and not the person who took the order. A long list of authorities is cited in Parker v. State, 85 S. W. Rep., 1155. See also Luster v. State, 86 S. W. Rep., 326; Sedgwick v. State, 85 S. W. Rep., 813; Sims v. State, 86 S. W. Rep., 1019; Newbury v. State, 44 S. W. Rep., 843; Beard v. State, 115 S. W. Rep., 592; Weathered v. State, 60 S. W. Rep., 876. The questions here involved are so fully discussed and authorities so numerously cited in the case of Keller v. State, 87 S. W. Rep., 669, we do not deem it necessary to discuss them further, but refer to that opinion wherein it is held that when the Constitution was adopted the word "sale" had a definite and

fixed meaning in law, and the Legislature was without authority to change or alter the elements or meaning of that word, or to fix the place of "sale" by law, and that one who takes an order, makes but a conditional bargain, and the *sale* takes place where the order is filled, and no Act of the Legislature otherwise providing would be valid.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied June 5, 1912.—Reporter.]