## M. S. RUBY v. THE STATE.

No. 11176.   Delivered February 15, 1928.

The opinion states the case.

*Pearce & Triplett* of Lubbock for appellant.

CHRISTIAN, JUDGE.—Conviction for misapplication of public funds by officer of incorporated city; punishment confinement in the penitentiary for two years.

The offense of which appellant was convicted is denounced by Article 95 P. C. It is charged in the first count of the indictment under which appellant was convicted that the sum of money which he misapplied and converted had theretofore come into and was then in his custody and possession by virtue of his office. Appellant was city manager of the city of Lubbock. It was incumbent upon the state to establish in evidence beyond a reasonable doubt that the money in question came into appellant's possession by virtue of his office. If it was not within the scope of his official duty as city manager to receive and handle the funds and property of the city, he would not be responsible under the terms of Article 95, supra, under a charge of embezzlement, misapplication or conversion of such funds or property. In Dickey v. State, 144 S. W. 271, in discussing the question under consideration here, Judge Davidson said:

"It is clearly to be observed under the terms of Article 103, supra (now Article 95 P. C.), that the officer therein mentioned can only be charged with the duty of handling property of the city which comes into his possession by virtue of his office, and where it is sought to prosecute for the fraudulent conversion of such funds to his own use, the indictment must show that the funds came into his possession by virtue of his office. If the property does not so come into his possession, or if he is not authorized by the terms of his office to receive the property, then he cannot be convicted under this statute."

Appellant contends that the state failed to discharge the burden in the respect mentioned. His contention must be sustained.

The state's attorney showed that the city secretary had been instructed by the city commission to pay current accounts and salaries when approved by the city manager or finance commission; that appellant as city manager had been authorized by the city commis-

sion to pay certain accounts for the city out of his own funds; that the city secretary had been authorized to reimburse appellant by issuing warrants to him covering the amounts he had expended in behalf of the city; that the warrants which were executed in favor of appellant were drawn on the general fund; that appellant secured on warrant from the city treasurer the sum of $146.75, which he claimed he had paid to an employee of the city; that said sum had never been paid to said employee; and that appellant converted said sum to his own use and benefit.

The state offered nothing in evidence to show that it was appellant's duty to receive and handle any part of the property or funds of the city. Other than the resolution of the city council authorizing the city secretary to pay bills which had been approved by the city manager and the testimony of the state's witnesses showing that it had been the custom of the city manager to pay accounts due by the city from his own funds and receive reimbursement therefor, there is nothing in the record to show that it was appellant's duty by virtue of his office to receive and handle the property and funds of the city. If the charter of the city of Lubbock prescribed appellant's duties relative to handling the funds of the city, the state failed to introduce in evidence any part of its provisions respecting such duties. There is nothing in the general law defining the duties of city manager. Respecting the duties of city treasurer, we find that the general law places the custody and possession of the funds of an incorporated city in the city treasurer. Among other things, Article 1001, R. S. 1925, provides that the city treasurer shall "receive and securely keep all moneys belonging to the city, and make all payments for same upon the order of the mayor, attested by the secretary under the seal of the corporation." It follows that the evidence is insufficient to sustain the allegation that the money in question came into and was in the custody and possession of appellant by virtue of his office. It, therefore, becomes our duty, in giving effect here to the announcement of the authorities, to reverse this case because of the insufficiency of the evidence.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.